## BACON VS. BACON.

PRACTICE: ALIMONY: CHANGE OF VENUE. (1) *Practice on modifying judgment for alimony.* (2) *Change of venue not authorized in such cases.*

1. Where an important *modification of the judgment for alimony* in a divorce case is asked for and resisted, it is erroneous practice to decide the matter upon petition, answer, and accompanying papers (instead of a reference to take testimony or hearing in open court), if either party desires to introduce further evidence, or to cross-examine the witnesses.

2. The statute which authorizes a *change of venue for prejudice of the judge,* does not apply to the case of an application for a modification of a judgment for alimony.

APPEAL from the Circuit Court for *Dane* County.

In this action, by *Helen T. Bacon* against *Ira P. Bacon,* some time after a judgment for a divorce and alimony had been rendered in plaintiff's favor, the court, on her petition, made a further order or decree modifying such former judgment, by requiring defendant to pay the plaintiff the sum of $2,156.74, to enable her to remove certain incumbrances on lands transferred to her by the judgment, and also requiring him to pay the costs of this proceeding. From this order or decree the defendant appealed.

During the pendency of the proceeding, the court refused an application made by the defendant for a change of venue on the ground of prejudice of the judge.

*Wm. F. Vilas,* for appellant.

*Smith & Lamb,* for respondent.

Lyon, J. We find it necessary to determine nothing on this appeal but questions of practice. The plaintiff, who had previously recovered a judgment for a divorce and for alimony, applied to the court by petition, duly verified, for an important modification, in her favor, of such judgment for alimony. The defendant answered the petition, and alleged in his answer the existence of certain facts in respect to the relative pecuniary condition of the parties, which, if true, rendered it inequitable to give the plaintiff the whole of the relief demanded by her. The defendant in his answer prayed that the court would order a reference to take proofs, or would hear the proofs touching the allegations of the parties. Without taking any proofs, the court gave judgment for the plaintiff, that the defendant pay her a large additional sum as alimony.

We think the practice adopted by the court, of deciding the matter upon the petition, answer, and accompanying papers, is erroneous, if either party desires to introduce further evidence, or to cross-examine the witnesses produced by the other side. The proceedings are commenced, just as the original divorce action may be commenced, by petition; and, like any civil action, they may terminate in a judgment. Most important pecuniary interests are often involved in these supplemental proceedings. In this case the sum which the defendant is adjudged to pay the plaintiff, in addition to the sum originally awarded to her, is over $2,000. The legislature never could have intended that the court might render judgments of such importance upon the mere allegations of the parties, without giving the right to introduce testimony in support of such allegations, and without also giving to each party the right to cross-examine the witnesses of the other.

For this error the order or judgment appealed from must be reversed.

We are of the opinion that the statutes which authorize a change of venue in civil actions for the alleged prejudice of the judge, do not extend to a proceeding of this kind.

*By the Court.* — Judgment reversed without costs, and cause remanded for further procedings.