STATE EX REL. DELEGLISE vs. GOODLAND, Circuit Judge.

*March 20—April 17, 1906.*

*Change of venue: Prejudice of judge:* Mandamus *to compel immediate action.*

Under sec. 2625, Stats. 1898, upon an application for a change of venue because of prejudice of the judge, the court has at least until the last day of the term at which such application was made to make the order changing the venue, and is not obliged to determine immediately whether he will order such change or call in another judge; and where it appears that the judge intends to comply with the law either by changing the venue or calling in another judge within the time provided by the statute, *mandamus* will not lie to compel him to act at once.

MANDAMUS to JOHN GOODLAND, Judge of the Tenth Judicial Circuit. *Writ quashed.*

For the relator there was a brief by *Goodrick & Goodrick,* and oral argument by *A. B. Goodrick.*

*T. W. Hogan* and *O. H. Foster,* for the respondent. [No brief on file.]

KERWIN, J. This is an application for a peremptory writ of *mandamus* to *Hon. John Goodland,* judge of the Tenth judicial circuit, to compel him to change the venue in two actions pending in his court in which the relator is a party. It appears from the return to the alternative writ that the relator, *Mary Deleglise,* is the owner of a large amount of property in the county of Langlade, and that on the 31st day

of October, 1905, she commenced an action by the service of a summons against her daughter, Sophia E. Leslie, who formerly acted as her agent, for an accounting; that afterwards the defendant, Sophia E. Leslie, was summoned to submit to an examination under sec. 4096, Stats. 1898, to enable the plaintiff to plead. Thereafter application was made to the county court of Langlade county, on petition, for the appointment of a guardian for the care of the person and estate of the relator. After due hearing an order was made declaring the relator mentally incompetent, and an appeal taken from said order to the circuit court. After said appeal was perfected, and on the 9th day of January, 1906, an affidavit of prejudice was filed in the circuit court. An order was obtained staying all proceedings in the action by the relator against Sophia E. Leslie until the determination of the county court proceedings for the appointment of a guardian. On the 15th day of January, 1906, the relator obtained an order to show cause before the circuit court for Langlade county, returnable on the 18th day of January, 1906, why the order staying proceedings in the case against Sophia E. Leslie should not be reconsidered, modified, or dissolved. On the 18th day of January, 1906, and while said motion to dissolve the stay was pending, and before the same was heard or determined, and while counsel for defendant Sophia E. Leslie were then and there ready in open court to take up and argue said motion, the attorney for relator, plaintiff in said action, filed an affidavit of prejudice in the action against Sophia E. Leslie, and refused to argue the motion to dissolve the stay returnable at that time, and the court ordered that the application be denied until the stay of proceedings be vacated or disposed of. No issue was joined in either of these actions, and the same were not on the court calendar, and could not be placed thereon except by stipulation.

The return further shows that said circuit judge has not refused to change the venue in said actions, or either of them,

and-is ready and willing to change the venue in accordance with the settled rules of law and practice; that both of said cases are under advisement by the court for the purpose of determining whether a judge of some other circuit can or ought to be called in to try said cases; and that before the end of the term said judge intends to make orders granting the change in each action, unless another judge is procured to try said actions. The return further shows that the term of said court in Langlade county commenced on the 13th day of November, 1905, and its sessions were continued to the 19th day of January, 1906; that in accordance with the rules of court and ch. 6, Laws of 1905, said term does not end until the following term, which begins on the first Monday in May, 1906.

It is very clear from the foregoing facts, set up in the return, that the circuit judge delayed making orders changing the place of trial in these actions with a view of determining whether another judge could be called in to try the cases. This is obvious from the return. Without stopping to consider the question of the relator's right to a change of venue while the motion to set aside the stay of proceedings was pending, the court clearly, under the statute, had at least until the last day of the term at which the application was made to make the orders changing the venue in said actions. The court was not obliged under the circumstances to suspend all proceedings and immediately determine whether he would change the place of trial or call in another judge. Counsel in their brief say that in the motion in the guardianship matter the court announced that he would not call in another judge. But we find nothing in the return indicating any such determination on the part of the judge. On the contrary, it appears from the return that the judge intends either to change the place of trial in both actions or call in another judge to try them. Counsel further say that the motion in suit for accounting was denied. This statement is not war-

·ranted by the return. It shows, as heretofore stated, that the affidavit of prejudice in this case was filed on the day and at the hour when counsel were about to argue the motion to· dissolve stay. The court denied the application only until the stay of proceedings on file should be vacated or disposed of. This, in connection with other portions of the return, very ·clearly shows that the court did not deny or intend to· deny the change of venue, except pending the disposition of motion ·for dissolution of stay of proceedings, and that the court intended, before the end of the term, to grant the change or call in another judge. It is very evident that the court was acting and intending to act in an orderly and proper manner and with due regard for the rights of the parties. Upon the whole return it is very clear that the circuit judge has not refused to comply with the law, but on the contrary intends to do so either by changing the venue in these actions or by calling in another judge to try them within the time provided by the ·statute. Under such circumstances *mandamus* will not lie. *Baker v. State,* 86 Wis. 474, 56 N. W. 1088; *State ex rel. Spence v. Dick,* 103 Wis. 407, 79 N. W. 421; sec. 2625, ·Stats. 1898.

*By the Court.*—The demurrer to the return is overruled, ·and the writ quashed.