STATE EX REL. WATSON VS. CLEMENTSON, Circuit Judge.

*October 19—November 5, 1907.*

*Change of venue: Prejudice of the judge: Mandamus.*

On the filing of an affidavit of prejudice, and two weeks before the end of the then current term, the presiding judge of G. county called in another circuit judge, who, on the last day of the term, was present, assumed and exercised jurisdiction in the case, and denied a motion to change the place of trial thereof to some

other circuit. Thereupon the applicant for the change of venue proceeded by *mandamus* to compel the judge of G. county to change the venue. The return to the writ showed that the foreign judge had been and was then ready to try the case at any term of the circuit court for G. county at which it might have been or may be noticed by either party, and that the case was not noticed for trial at the term at which the foreign judge attended. *Held,* that relator was not entitled to the *mandamus* prayed for.

MANDAMUS to Honorable GEORGE CLEMENTSON, Judge of the circuit court for Grant county. *Relation dismissed.*

This is a proceeding by *mandamus* to compel the judge of the circuit court for Grant county to change the venue in a case pending in that court, wherein the relator was and is plaintiff and Grant county and others defendants, by reason of the alleged prejudice of said judge. The defendant made return to the writ and the relator demurred to the return. The following facts appear and are undisputed:

The affidavit of prejudice therein was filed by the relator with the clerk of said court October 13, 1903, but said judge remained ignorant of the fact that said affidavit of prejudice was so on file until October 29, 1903, when Judge DUN-WIDDIE, who had been called in to try another case, was told by the attorney for the relator in the presence of the defendant that such affidavit had been filed and suggested that he might take jurisdiction of the case. The defendant then informed Judge DUNWIDDIE in open court that no such application had been made to him and that he had not before heard of such affidavit. Judge DUNWIDDIE declined to consider the suggestion. November 3, 1903, the attorneys of the respective parties in the action signed and filed with the clerk a stipulation that the hearing for the change of venue be deferred until the following February term of the court. December 4, 1903, the trial court ordered that said affidavit be and the same was thereby stricken from the files of the clerk and returned to the relator's attorney on the ground that

no application upon said affidavit had ever been made to the court or the judge thereof.

On May 3, 1905, the relator moved the circuit court for a change of the place of trial to some other circuit as provided by statute, basing such motion on an affidavit of the relator made May 1, 1905, in which the affidavit of October 13, 1903, was reiterated, and stated that such affidavit "was then and still is true, and that he had reason to and does believe that he cannot have a fair trial of said action on account of the prejudice of Hon. GEORGE CLEMENTSON, judge of said court, and. upon all the facts aforesaid he makes application for a change of the place of trial of said action as by the statutes of Wisconsin in such case made and provided." Affidavits of attorneys for the respective parties in the action showing the history of the proceedings therein were also filed. Thereupon and on October 6, 1905, the same being the last day of the February term of said court for 1905, the defendant by order entered therein denied said application for the change of the place of trial of said action, for the reason that the same was "not a substantial compliance with" sec. 2625, Stats. (1898), as amended by ch. 101, Laws of 1901, and especially as it failed to state that the affiant had "good reason to believe."

On October 26, 1905, the relator made a new affidavit of prejudice in compliance with the statutes, and filed the same November 1, 1905, and applied to said court upon such new affidavit for a change of the place of trial of said action. The defendant as such judge, in the exercise of his discretion given by said statute, retained said action in said court for the purpose of calling in another judge to try the same, and by an order dated February 1, 1906, reciting the facts, called in Hon. J. J. FRUIT of the Sixth circuit to attend and hold court during the then current term thereof for the purpose of exercising jurisdiction in the said action. February 5, 1906, Judge FRUIT acknowledged said call and duly noti-

fied the clerk of said court, in pursuance of the statute cited, that he should attend at the courthouse at Lancaster, February 15, 1906, at 2 p. m. for the purpose of assuming and exercising jurisdiction in said case. The October, 1905, term of said circuit court for said county was in regular session February 15, 1906, at 2 o'clock p. m., and the defendant then and there took the bench as the presiding judge of said court and announced that the matters to be heard before him would be suspended; that affidavits of prejudice had been filed against him in the case mentioned and another case, and that Judge FRUIT had been called upon by him to attend and assume jurisdiction in said cases and that he was then present in the court room, and thereupon called upon Judge FRUIT to take the bench, which he then and there did and so assumed jurisdiction of both of said cases. All of the attorneys in both of said cases were present and the defendant at once left the court room. Immediately after Judge FRUIT took the bench and assumed jurisdiction of said cases the attorneys for the relator made to the court and filed with the clerk thereof a written motion for an order for a change of the place of trial of the action to some other circuit, based upon the said several affidavits of the relator theretofore. made and filed by him and for and on his behalf in said action, and on all the records and files in the action, which motion, after argument of the respective attorneys, was denied by Judge FRUIT.

As the case was not then ready for trial no further proceedings were had therein at that term. Judge FRUIT has been ready and is now ready to try said case at any term of said court at which it might have been or may be noticed for trial, but it has not been noticed for trial by either party since the February term, 1905.

It is also claimed on behalf of the defendant that the relator's application made November 1, 1905, for a change of the venue based upon such new affidavit was a waiver of what-

ever errors might have been made in the action or nonaction of the court upon previous affidavits, and that the action of the defendant thereon by calling in another judge and his acceptance and assuming jurisdiction left the defendant without jurisdiction for any purpose unless reversed by appellate proceedings, and that *mandamus* will not lie to review such determination by him made therein.

For the relator there were briefs by *T. L. Cleary* and *Bushnell, Watkins & Moses,* and oral argument by *A. R. Bushnell.*

For the respondent the cause was submitted on a brief signed by *George Clementson,* Judge, and *H. W. Brown, A. W. Kopp, G. B. Clementson,* and *Ed. M. Lowry,* of counsel.

CASSODAY, C. J. The undisputed facts set forth in the foregoing statement suggest the several questions discussed in the briefs of the respective parties. Whether the order of December 4, 1903, striking out the affidavit of prejudice filed with the clerk seven weeks before for the reasons given by the defendant, was void, and whether the order of October 6, 1905, denying the application of May 3, 1905, for a change of venue for the reasons given by the defendant, was wrong, have both been carefully considered by this court; but the view we have taken of the case makes it unnecessary for us to determine either of those questions. In fact we do not regard those questions as properly before us for review on this application for a *mandamus.* After such proceedings were had and on or about November 1, 1905, the relator made in open court and filed in said court a new application for the change of the venue of said action, based upon the affidavit of said relator sworn to October 26, 1905, to the effect that he had "good reason" to and did believe that he could not have a fair trial of such action on account of the prejudice of the defendant, and that he made the application for a change of the place of trial of said action as by the statutes in such case

made and provided. The defendant received such application and treated such new affidavit as sufficient to satisfy the statute applicable. Sec. 2625, Stats. (Supp. 1906; Laws of 1901, ch. 101; Laws of 1905, ch. 282). The statutes so amended provide in effect that the judge, on such application, shall change the venue, "or in lieu of granting such application" retain such action "until the last day of the then current term" in case the action is triable at such term, "or the next term if it is made in vacation, and in the meantime shall call upon some other circuit judge or judges to attend and hold court during such current or next term for the purpose of exercising jurisdiction in all" such actions. That section of the statutes, so amended, has during the present year been construed by this court in a case where, as here, the affidavit of prejudice was filed at a term at which the case was not triable. *Odegard v. North Wis. L. Co.* 130 Wis. 659, 669, 670, 110 N. W. 809. In that case it was expressly held that "the cause can be sent from the circuit only after the lapse of a term at which it could be tried." Id. The court, among other things, there said:

"The general purpose of this section is reasonably clear; but, unfortunately, its terms are by no means clear. The purpose was to secure to a party making an affidavit of prejudice a trial before an unprejudiced judge without the transfer of the case to another circuit, and at the same time to secure both parties against a long delay which might easily result were there no limitation on the time within which another judge might be called in. In other words, the purpose was to secure not only an unprejudiced trial, but a trial in the home circuit, provided a competent judge seasonably attends. It evidently contemplates that there shall always be one term during which the case can be tried in the home circuit, and that such term shall be a term at which the case is in situation to be moved peremptorily for trial. It clearly does not contemplate that the case shall be sent from the circuit after the lapse only of a term at which it could not be tried." Id.

Such construction is in harmony with the general purpose of the section. It safeguards the rights of the respective parties and must be adhered to. In so far as *Fordyce v. State ex rel. Kelleher,* 115 Wis. 608, 92 N. W. 430, holds to the contrary it must be regarded as overruled. In the case at bar, as indicated in the foregoing statement, Judge FRUIT was called two weeks before the end of the October term for 1905. That term of the court was in regular session on February 15, 1906. Judge FRUIT gave notice that he would attend "for the purpose of assuming and exercising jurisdiction in said case" more than a week prior to the end of that term. Pursuant to such notice he was present and assumed and exercised jurisdiction in said case on February 15, 1906. That was the last day of the October term for 1905. On that day the relator moved said court, with Judge FRUIT presiding, for an order changing the place of trial of said action to some other circuit. Such motion was then and there denied by Judge FRUIT. It appears from the return, however, "that Judge FRUIT has been ready, and is now, to try said case at any term of the circuit court of Grant county at which it might have been or may be noticed for trial by either party since the February term, 1905."

It follows from what has been said that the relator is not entitled to the *mandamus* prayed for.

*By the Court.*—The demurrer to the return is overruled and the relation is dismissed.