6] JANUARY TERM, 1926. 629

State ex rel. Nichols v. Circuit Court, 189 Wis. 629.

STATE EX REL. NICHOLS, Petitioner, vs. CIRCUIT COURT FOR
OUTAGAMIE COUNTY and another, Respondents.

*March 13—April 6, 1926.*

*Judges: Change of venue: Denied if not timely made: Calling in
another judge: Discretion of court: Certiorari to review or-
der denying change of venue.*

1. *Certiorari* is the proper remedy to review an order denying a
   motion for a change of venue. p. 631.
2. An affidavit of prejudice and a motion for a change of venue
   from the judge before whom certain actions had been tried,
   which affidavit was not filed nor the motion made until the
   hearing of motions on a retrial, were not made in time, in
   view of secs. 261.01 to 261.11, Stats., so as to authorize a
   change of the place of trial to another circuit. p. 631.
3. The exercise, under sec. 252.13, Stats., by the judge of the
   circuit court of the right to apply to the chairman of the
   Board of Circuit Judges to have another judge hold court
   for him in his circuit, and the act of such chairman in desig-
   nating the judge, are highly discretionary, and will not be set
   aside except for a gross abuse of discretion. p. 632.
4. Such action of the circuit judge was not an abuse of discre-
   tion where the order was actuated by a properly denied mo-
   tion for a change of venue on account of prejudice. p. 632.

WRIT OF *certiorari* issued out of this court to review the
order of the circuit court for Outagamie county, EDGAR V.
WERNER, Circuit Judge, requesting the Hon. A. H. REID,
chairman of the Board of Circuit Judges of the state, to
direct a judge of another circuit to attend and hold court and
to exercise jurisdiction in a certain action entitled "Kath-
erine K. Willy, Louisa S. Galpin, and Francis S. Bradford,
Plaintiffs, versus A. L. Nichols, Emma Nichols, and Apple-
ton Cereal Mills, Defendants."

For the petitioner there was a brief by *Morgan & Johns*
of Appleton, and oral argument by *John Morgan.*

For the respondents the cause was submitted on the brief
of *Bradford & Bradford* of Appleton.

DOERFLER, J.    The facts in the case above referred to, and those involved in the case of *Nichols v. Galpin et al.,* are fully set forth in the statement of facts and opinion in the latter case, which was before this court on appeal, and which opinion will be found in 186 Wis. 485, 202 N. W. 153, and to which reference is hereby specifically made.

When the *remittitur* was filed in the circuit court in the case of *Nichols v. Galpin et al., A. L. Nichols,* one of the defendants in the foreclosure action, moved the court for leave to amend his answer in said last named action, while the attorneys for the plaintiffs in such action made a motion to vacate certain orders of the court setting aside the personal judgment against *Nichols* and the stay of proceedings which had previously been granted on the personal judgment against said *Nichols.*    These motions were made returnable on the 18th day of May, 1925.    Before these motions came on for hearing, the plaintiffs in the foreclosure action filed an affidavit of prejudice against the Hon. EDGAR V. WERNER, who was the trial judge before whom both of said actions had been tried, and in the affidavit it was alleged that the plaintiffs cannot have a fair trial in such foreclosure action in said court on account of the prejudice of the judge thereof, the Hon. EDGAR V. WERNER.    When the above motion for change of venue came on for hearing before the court, the court made an order in which, among other things, it stated:

"The plaintiffs in the above entitled action in filing said affidavit of prejudice do not claim that they would produce any new facts or circumstances in the case, but have raised purely technical questions, and as the trial judge in this case has decided the facts as they were presented in the case of *Nichols v. Galpin,* . . . and although the affidavit of prejudice is not in accordance with the statute in such case made and provided, the trial court is of the opinion that the interest of the parties to this action will be better served if some other judge be called in to try the issues involved in said cause. . . . The court is of the opinion that the expense

incurred by changing said venue to some other county would work a hardship on said parties hereto, and the court, therefore, in the exercise of its discretion, . . . and pursuant to law, does hereby request Judge A. H. REID, chairman of the Board of Circuit Judges of this state, to order and direct some other circuit judge to attend and hold court during such current term or next term, for the purpose of exercising jurisdiction in all proceedings in the above entitled action in which application for change of place of trial has been made as set forth in the records herein."

That *certiorari* is a proper remedy in a case of this kind has been definitely held in *State ex rel. W. G. Taylor Co. v. Elliott,* 108 Wis. 163, 84 N. W. 149. An examination of the statutory provisions contained in ch. 261 of the Statutes is convincing that the affidavit of prejudice was not filed and the motion for a change of venue was not-made in time to authorize a change of the place of trial to another circuit. Therefore the learned circuit judge properly denied such motion.

In the case of *Dibbert v. Metropolitan Inv. Co.* 158 Wis. 69, 147 N. W. 3, it appears that the action came on for trial before that branch of the Milwaukee circuit court presided over by Judge WILLIAMS. When the case was called for trial an affidavit of prejudice like that in the instant case was made and filed, and the case was transferred to that branch of the circuit court presided over by Judge FRITZ. In that case, as in the instant case, the affidavit of prejudice was not filed and the motion was not made within the time provided for by statute, but the court in its opinion said:

"The jurisdiction of these judges is co-ordinate, and litigants have no vested right to try their cases before one judge in preference to another, unless perchance the judge before whom a cause is pending is disqualified on some statutory ground. Surely Judge FRITZ had the same jurisdiction to try the case that Judge WILLIAMS did. The latter, in common with most judges, felt some delicacy about trying a case after the filing of an affidavit of prejudice, even if it was

not filed within the statutory time, and in effect called in another judge of the same court to try the case, because this is what the proceeding amounted to. We do not see where there was anything improper or prejudicial in the conduct of Judge WILLIAMS."

When sec. 252.13 of the Statutes was enacted by the legislature, a circuit judge was authorized to make an application to the chairman of the Board of Circuit Judges to designate a judge of another circuit court to hold court for him in his circuit and to try causes, and it becomes the duty of the circuit judge so designated to comply with such request, unless such chairman shall relieve him from performance thereafter. The circuit judge so designated for the time being becomes the circuit judge presiding of the court to which he is called, thus in effect creating a situation not unlike that which existed in the *Dibbert Case*. The exercise of this right to apply to the chairman of the Board of Circuit Judges, and the act of the chairman in designating a judge, are highly discretionary, and will not be set aside unless a gross abuse of discretion is manifested. The filing of an affidavit of prejudice like in the instant case places the circuit judge in a very delicate position, even though the reasons assigned for such prejudice are unsubstantial and flimsy. It is desirable in all cases that implicit confidence be placed in a trial judge, and, in fact, such confidence is conducive to the highest aims in the administration of justice. Other circuit judges under similar circumstances would have unhesitatingly denied the application and would have refused to apply to the chairman of the Board of Circuit Judges. We are convinced, however, that the learned circuit judge against whom this affidavit was filed did not exceed the bounds of his discretion, and we must therefore sustain his order. This power vested in a circuit judge under the statute has, as far as we are able to ascertain, never been abused, and we feel an explicit confidence that an abuse will not occur in the future.

The reasons advanced by the respondent are persuasive in a high degree. The court had proceeded to final judgment in both the foreclosure and the reformation actions. It had before it all of the evidence; it could judge of the credibility of the witnesses; and it had some advantages which might be denied to the judge designated to proceed with the trial. The designation of a new judge might involve additional expense; also a waste of time and effort. But notwithstanding these considerations, which undoubtedly were before the legislature when sec. 252.13 of the Statutes was enacted, we feel it incumbent upon this court to carry out this legislative provision and to give life and force to the spirit of the act. The relief prayed for by the petition will therefore be denied.

*By the Court.*—The relief prayed for in the petition is denied, and the cause is remanded for further proceedings in accordance with law.