WISCONSIN CO-OPERATIVE MILK POOL and another, Respondents, vs. SAYLESVILLE CHEESE MANUFACTURING COMPANY, Appellant.

*October 8—November 5, 1935.*

*George A. Hartman* of Juneau and *Harold M. Wilkie* of Madison, for the appellant.

For the respondents there was a brief by *Schwartz, Welfeld & Perlman* of Chicago, Illinois, and *La Follette, Rogers & Roberts* of Madison, and oral argument by *Mr. Harold Perlman* and by *Mr. W. Wade Boardman* of Madison.

Rosenberry, C. J. Upon the oral argument it was conceded that the order of March 2, 1935, denying defendant's motion for a change of place of trial, was not an appealable order. *Brust v. First Nat. Bank,* 176 Wis. 14, 186 N. W. 214. Not being appealable, the only way that the correctness of the court's determination with respect to change of venue can be brought before this court is by *mandamus. State ex rel. Webster Mfg. Co. v. Reid,* 177 Wis. 612, 188 N. W. 67; *State ex rel. T. L. Smith Co. v. Superior Court,* 170 Wis. 385, 175 N. W. 927.

It is the contention of the defendant, however, that, although the order is nonappealable, that the making of a motion for change of venue which the court should have allowed, and which the court erroneously refused to allow, ousted the court in which the motion is made of jurisdiction, and that, in making any subsequent determination, the court acts without jurisdiction. This contention cannot be sustained. The circuit court for Dane county, in which the action was begun, there being proper service of process, undoubtedly had jurisdiction of the parties and the subject matter of the action. Upon a proper showing it was its duty to change the place of trial in the manner provided by statute.

If it refused such an application, it committed an error. It did not lose its jurisdiction to proceed. *Bonnell v. Gray,* 36 Wis. 574. See *State ex rel. Winchell v. Circuit Court,* 116 Wis. 253, 93 N. W. 16.

The rule is otherwise where under the statute an affidavit of prejudice is filed. If the affidavit is in proper form, the judge against whom it is filed has no jurisdiction to do anything but to make a proper order of removal or call in another judge. *State v. Bohner,* 210 Wis. 651, 246 N. W. 314.

Under sec. 274.34, Stats., intermediate orders which involve the merits and necessarily affect the judgment may be reviewed on appeal from the judgment. There is no similar statute enlarging the matters to be considered upon appeal from an order. The matters urged upon our consideration with respect to the jurisdiction of the court to grant a temporary injunction pending the trial cannot be considered, for the reason that the same are not presented by the record before this court.

The second contention of the defendant is that the court was in error in granting the temporary injunction. The action was begun by service of a summons and verified complaint. From the complaint it appears that the plaintiffs are co-operative corporations, organized under the provisions of ch. 185 of the Wisconsin Statutes; that the defendant is a Wisconsin business corporation engaged in the manufacture of butter and cheese; that the plaintiff Pool entered into a contract with its members, among whom were four persons who thereby engaged to sell their milk to the plaintiff Pool; that on the 16th day of July, the Pool, pursuant to a resolution of its board of directors, assigned these contracts to the Products Co-operative "so that said marketing subsidiary could effectively conduct the marketing of the products of plaintiff Wisconsin Co-operative Milk Pool;" that the Milk Pool caused said contracts to be recorded in the office of the

register of deeds for Dodge county, the residence of the four members with whom it had contracted; that the names of said four persons appear on the sworn list; and alleges that thereafter the plaintiff corporation was vested with the title to the milk produced by said four persons and that the defendant could acquire no title thereto.

It is further alleged that the defendant had actual notice of said contracts. It is then alleged that the defendant is accepting milk from the four members, and—

"that the defendant, notwithstanding its knowledge and notice of the existence of the aforesaid contracts between the plaintiffs and the aforesaid members has intentionally aided in the breach of said contracts and has intentionally, wrongfully and unlawfully interfered with the said contracts, and as a result thereof, plaintiffs have suffered damages and will continue to suffer irreparable and irremedial damages by a continuance thereof."

It is alleged that plaintiffs have no adequate remedy at law, and an injunction is sought prohibiting the defendant from inducing or attempting to induce or aiding in the breach of the contracts referred to, or from receiving, accepting, or otherwise handling the milk of the said four members. There was a supporting affidavit by the president of the Pool.

The defendant filed its verified answer in which the corporate character of the parties is admitted; alleges that the Pool had no authority to assign any of the contracts to the Products Co-operative; set up the corporate purposes of the Pool as appears from its articles of incorporation; denied that the members of the Products Co-operative consisted exclusively of members of the Pool; alleged that—

"in the purposes of the Wisconsin Co-operative Milk Pool as stated in its articles of incorporation, there is no purpose or authority generally to sell and market dairy products, whereas the articles of association of the Milk Pool Products

Co-operative broadly provide for engaging in the production, manufacturing, selling and marketing of dairy products of all various kinds."

Alleges that the Pool has no authority to borrow money and no authority to delegate its power to borrow money and to pledge membership contracts therefor; alleges that the contracts in question were assigned to the Products Co-operative before recording, and that the same were recorded by the Products Co-operative; alleges that the Products Co-operative was organized for the purpose of permitting it through alleged subsidiaries to enter into certain contracts with sales agents which were not authorized by the articles of incorporation of the Pool. The answer also contains specific and general denials.

Upon the hearing, the motion for a temporary injunction was supported by eight affidavits. In addition to the verified answer, the position of the defendant was supported by the affidavits of three of the members of the Pool whose product was being sold to the defendant. These members allege that the contract which they entered into with the Pool has been breached by its assignment to the Products Co-operative, which assignment was made without the knowledge or consent of the four members in question, and other matters are set up which are alleged to warrant the termination of the contract between the Pool and the members in question.

After argument, the court was of the view that plaintiffs were entitled to a temporary injunction. An appeal was taken from that order to review the determination of the trial court.

The first question for consideration and determination here is, What questions are raised by an appeal from an order granting a temporary injunction? The matter was apparently argued, considered, and decided below as if the question was before the court upon the merits. In *Fass-*

*bender v. Peters,* 179 Wis. 587, 191 N. W. 973, it was held that it is not the theory of the law that upon an application for an injunction *pendente lite* or for the vacation thereof the parties should try the merits of the case upon affidavits. That apparently was what was attempted to be done in this case, and to a certain extent the effort succeeded.

In response to a suggestion that the granting of the injunction would determine the case, the trial court said:

"While this may be true in a sense, yet if such is the result it will be because, while there is much contention between the parties on the facts and the law raised, yet on the material facts as to violation of the terms of the statute and on the validity of that statute itself, there is no real conflict."

The contention is that, while the contract is afforded the protection provided by the provisions of ch. 185, Stats., relating to the organization of co-operative corporations, nevertheless, if the co-operative itself breaches the contract, refuses to perform, then the member party may and is bound to dispose of his produce elsewhere in order to mitigate the damages. If the co-operative for any reason cannot take the produce which it contracted to take, the member is not warranted in pouring milk in a gutter, for instance, when it could be disposed of on the market. If the member has a right to dispose of his product, there must be an equivalent right to buy. Therefore the real question in the case is whether or not there has been such a breach of the contract as warrants the member in making disposition of his product elsewhere.

While the statute makes provision as to how contracts shall be terminated, a right to resell is not dependent upon the termination of the contract. That right arises when the buyer refuses to accept the goods and the seller may tender delivery, resell, and bring his action for any loss sustained. That is the real nub of this case, but the issues should not be determined on affidavits offered in support of and in op-

position to the motion for a temporary injunction. The facts appearing in this case are that the plaintiffs are co-operative corporations; that they have contracts with four designated producers which have been properly recorded; that these producers are now disposing of their product to the defendant; that such disposition by these members will lead to a like conduct of other members, and in that and other ways plaintiffs will suffer irreparable injury. The statute specifically provides that, if any person interferes with a contract between a co-operative and a producer member, the co-operative may have a remedy by injunction. The granting of the injunction is opposed on the ground that plaintiffs have breached the contract and that the producer members are entitled to dispose of their product elsewhere. However, that is the very matter to be litigated. The trial court certainly cannot be said to be guilty of an abuse of discretion in holding that the contract relation between the plaintiffs and producer members should be continued and protected during the pendency of the action.

We shall not consider the merits of the case upon this appeal. While it may be true that the facts appearing upon the hearing of the motion for a temporary injunction embrace most of the facts necessary for a final determination of the issues in the case, the issues should not be determined upon a motion of this kind, but only when there is a trial and full consideration of all the facts. The practice of the court in this regard has been long established and quite firmly adhered to. There being no abuse of discretion by the trial court, the order granting the temporary injunction must be affirmed.

*By the Court.*—The appeal from the order denying change of venue is dismissed. On the appeal from the order granting a temporary injunction, that order is affirmed.