Woods, Acting Housing Expeditor, Respondent, vs. Winter, Appellant.*

*February 23—March 8, 1948.*

* Motion for rehearing denied, with $25 costs, on May 11, 1948.

242

244

For the appellant there was a brief by *Curkeet & Curkeet* of Madison, and oral argument by *William R. Curkeet, Sr.,* and *William R. Curkeet, Jr.*

For the respondent there was a brief by *William S. Kaplan* of Chicago, Illinois, and *Ralph W. G. Wyckoff* of Madison, attorneys, and *John P. Boesel* of Madison of counsel, and oral argument by *Mr. Wyckoff* and *Mr. Boesel.*

ROSENBERRY, C. J.    On this appeal it is the contention of the defendant that the presiding judge, against whom the affidavit of prejudice was filed, on the return day of the order to show cause why a temporary injunction should not issue, had no jurisdiction or power to proceed further in the action and for that reason the order made by the court on January 2, 1948, was null and void.

Sec. 261.08 (1), Stats., provides:

"The court shall change the place of trial to an adjoining circuit upon the application of any party, who shall file his affidavit, that he has good reason to, and does believe, that he cannot have a fair trial on account of the prejudice of the judge, naming him, or the court may retain the action until the end of the current term; and in the meantime shall request the chairman of the board of circuit judges to call some other circuit judge to attend and hold court," etc.

In the case of *State v. Bohner,* 210 Wis. 651, 655, 246 N. W. 314, it was held:

"There can be no question of the validity of defendant's contention that the affidavit of prejudice, if valid and sufficient, deprives the county judge of all jurisdiction except to make a proper order of removal or to call in another judge in obedience to the statutes." (Citing.)

It was conceded upon the oral argument that the affidavit of prejudice filed in this case was timely and sufficient. We have for consideration and decision then the question: What was the effect of the filing of the first affidavit of prejudice?

The plaintiff contends that the statute authorizing a change of venue, or the calling in of another judge when a party files an affidavit of prejudice, does not apply in contempt proceedings. The difficulty with that contention is that at the time of the filing of the first affidavit of prejudice in the action commenced by the plaintiff by summons and complaint, no contempt proceedings were pending. While it appears from the recitals contained in the record that the plaintiff had exhibited evidence tending to show that the defendant had violated the restraining order, it does not appear that any proceedings were had pursuant to the second order requiring the defendant to show cause why she should not be punished for contempt until after the affidavit was filed. Apparently, from the record, the defendant appeared on the return day at 11 a.m. in response to the order to show cause issued on December 24th, and at the moment of opening court she filed an affidavit of prejudice and withdrew. There is in the record no evidence that the defendant was served with the order to show cause why she should not be punished for contempt. However, as already stated, at about 4 o'clock p.m. on December 31st, the defendant appeared in court voluntarily with her counsel. She was shown the so-called writ of attachment which was issued on the 31st day of December and returnable forthwith. She then filed a second affidavit of prejudice, declined to offer any evidence in response to the order to show cause, and withdrew from the proceeding. At that time the court, of its own motion, amended the writ of attachment to make it returnable

January 2, 1948, at 10 o'clock a.m., at which time the defendant was present in person with her counsel.    The court having already taken the evidence and made findings of fact and conclusions of law, the defendant's counsel declining to offer evidence, the court sentenced the defendant to the county jail and a commitment was issued, as already stated.

This is a proceeding for civil contempt under ch. 295, Stats. Sec. 295.04, Stats., provides:

"In a case specified in either section 295.02 or 295.03 the court may, in its discretion, and in all other cases the court shall, upon being satisfied by affidavit of the commission of the misconduct, either make an order requiring the accused party to show cause at some reasonable time to be therein specified why he should not be punished for the alleged misconduct or shall issue an attachment to arrest such party and to bring him before such court to answer for such misconduct."

Sec. 295.05, Stats., provides:

"Such an order to show cause can only be made in an action or special proceeding in the same court, but it may be made either before or after the judgment in the action or the final order in the special proceeding, *and is equivalent to a notice of motion;* and the subsequent proceedings thereon shall be taken in the action or special proceedings as upon a motion made therein.    When *an attachment shall be issued* it shall be deemed an original special proceeding against the accused in behalf of the state upon the relation of the complainant."

In this case the trial court elected to proceed under the first clause of sec. 295.05, Stats., by an order requiring the defendant to show cause why she should not be punished for contempt of court.    This second order was also made returnable before the court at 11 a.m. on December 30th, but it does not appear to have been served prior to that time.    At 11 o'clock the defendant filed the first affidavit of prejudice.    Thereafter, according to the recitals in the record, the defendant appeared at 11:20 in response to the second order to show cause and filed

a second affidavit of prejudice, withdrew from the proceedings and took no further part therein.

It is true that the court, after taking evidence and making findings of fact and conclusions of law, ordered that an attachment of arrest be issued.

An attachment is the taking into the custody of the law the person or property of one already before the court or of one whom it is sought to bring before it. In this case the defendant had already been served with a summons and complaint and appeared in response to the order to show cause why a temporary injunction should not issue, and filed an affidavit of prejudice. She was already before the court and the so-called attachment of arrest was in fact a warrant issued to bring the defendant before the court for sentence and commitment. The contempt proceeding had already been instituted by an order to show cause. It is, therefore, clear that the contempt proceeding in this case was not an original special proceeding because not begun by attachment as provided by sec. 295.05, Stats.

The contempt proceedings in this case being in the action, and not an original special proceeding, we have no occasion to consider the effect of the filing of the second affidavit of prejudice. Nor is there any occasion to consider whether sec. 261.08 (1), Stats., applies to a contempt proceeding begun by attachment.

That part of sec. 295.05, Stats., already quoted provides that when an order to show cause is issued in an action that it is equivalent to a notice of motion and the subsequent proceedings thereon shall be taken in the action. It is considered, therefore, that the contempt proceedings being in the action and instituted subsequent to the filing of the affidavit of prejudice, that the presiding judge against whom it was filed had no further jurisdiction to proceed in the action except to change the venue of the action or call in another judge in accordance with the provisions of the statute.

The court being without jurisdiction, the order to show cause why the defendant should not be punished for contempt and the order adjudging the defendant guilty of contempt was null and void.

*By the Court.*—The order appealed from is reversed, and the cause remanded to the trial court with directions to discharge the defendant and for further proceedings according to law.