SCHWANKE, Respondent, v. REID, Appellant.

*April 5—May 1, 1962.*

For the appellant there was a brief and oral argument by *Donald W. Kaatz* of Madison.

For the respondent there was a brief and oral argument by *Theodore P. Bidwell* of Janesville.

CURRIE, J. The municipal court of Rock county was created by ch. 197, Laws of 1881. Thereafter, by ch. 180, Laws of 1951, the provisions of the original act, together with all amendments thereto, were revised and re-enacted in the form appearing at pages 1844 to 1847 of the 1950 Wisconsin Annotations. Sub. 4 (1) of this special court act provides that: "The court shall try according to justice court proceeding all actions where the amount involved does not exceed $500. Appeals from judgments in such actions shall be to circuit court according to justice court procedure." Therefore, the provisions of ch. 306, Stats. 1959, on appeals

from justice courts, are applicable to the instant appeal. Sec. 306.15 of this chapter provides as follows:

"If neither party brings the appeal to trial before the third term after filing the return of the justice, the appellate court shall, unless the action is continued for cause, affirm the judgment with costs."

It was pursuant to this statute that the circuit court dismissed the appeal from the municipal court judgment. On appeal to this court from the order of dismissal, the sole issue is whether the filing of the affidavit of prejudice against Judge LUEBKE deprived him of jurisdiction to enter the order. We are of the opinion that it did.

Sec. 261.08 (1), Stats. 1959, provides in part as follows:

"The court shall change the place of trial to an adjoining circuit upon the application of any party, who shall file his affidavit, that he has good reason to, and does believe, that he cannot have a fair trial on account of the prejudice of the judge, naming him, or the court may retain the action until the end of the current term; and in the meantime shall request the chairman of the board of circuit judges to call some other circuit judge to attend and hold court during the current or next term for the purpose of exercising jurisdiction in all actions and proceedings in which applications for change of the place of trial have been made for such reason."

Plaintiff's counsel contends that the mere filing of the affidavit of prejudice could not deprive Judge LUEBKE of jurisdiction until a proper order was drafted by defendant's counsel and signed by the judge, either transferring the place of trial to an adjoining county or requesting the chairman of the board of circuit judges to call in another circuit judge to try the matter. Counsel cites no authorities in support of this contention.

We cannot interpret sec. 261.08 (1), Stats. 1959, as placing the duty of drafting the required order upon counsel of

the party having filed the affidavit of prejudice. This is because the statute places the duty of making the order upon the court. However, this does not mean that the court should not request counsel to draw and present such an order, as we recognize this is the customary practice. Where such a request is made, we are sure that counsel will gladly assume the drafting task.

This court has made several definitive statements as to the effect of the timely filing of a proper affidavit of prejudice. In *State v. Bohner* (1933), 210 Wis. 651, 655, 246 N. W. 314, Mr. Justice WICKHEM stated:

"There can be no question of the validity of defendant's contention that the affidavit of prejudice, if valid and sufficient, deprives the county judge of all jurisdiction except to make a proper order of removal or to call in another judge in obedience to the statutes. *Northwestern Iron Co. v. Crane,* 66 Wis. 567, 29 N. W. 654; *Fatt v. Fatt,* 78 Wis. 633, 48 N. W. 52; *Hewitt v. Follett,* 51 Wis. 264, 8 N. W. 177; *Will of Fraser,* 135 Wis. 401, 116 N. W. 3."

Mr. Chief Justice ROSENBERRY was the author of two opinions dealing with this question. In *Wisconsin Cooperative Milk Pool v. Saylesville Cheese Mfg. Co.* (1935), 219 Wis. 350, 353, 263 N. W. 197, he stated: "If the affidavit is in proper form, the judge against whom it is filed has no jurisdiction to do anything but to make a proper order of removal or call in another judge." Also, in *Woods v. Winter* (1948), 252 Wis. 240, 247, 31 N. W. (2d) 504, he wrote that:

". . . the contempt proceedings being in the action and instituted subsequent to the filing of the affidavit of prejudice, that the presiding judge against whom it was filed had no further jurisdiction to proceed in the action except to change the venue of the action or call in another judge in accordance with the provisions of the statute."

Respondent relies solely on the decision in *Holt v. Coleman* (1884), 61 Wis. 422, 21 N. W. 297, where the facts

were quite similar to those of the instant situation. That case involved an appeal to the circuit court from a justice court judgment. The cause was noticed for trial at the May, 1882, term, but at that term appellant applied for and obtained an order changing the place of trial. However, the papers were not transmitted to the new court until October, 1882. The statutes then required the transmission of papers within twenty days after entry of the order, and made payment of the transmission fees by the moving party a condition precedent to transmission of the papers by the clerk. Thus, the papers were ultimately returned for lack of timely transmission. The case was again noticed for trial on the May, 1883, calendar, at which time the respondent moved to dismiss. The motion was granted on the basis of what is now sec. 306.15, Stats. However, this case is distinguishable on the ground that the change of place of trial failed because the moving party did not procure the timely transmission of the papers, while in the instant case the moving party fulfilled his duty, as the court had the burden of procuring and entering the order. Thus, the *Holt Case* is not controlling on the instant situation.

Therefore, until the appeal from the municipal court either had been transferred to an adjoining county for trial or another judge had been called in to try the same, it was not incumbent upon defendant's counsel to take any action to bring the case on for trial. This is because counsel could assume that he would receive notice of when and where the case would be called for trial after the affidavit of prejudice had been honored by the entering of a proper order.

*By the Court.*—Order reversed, and cause remanded with directions to enter a proper order in accordance with the provisions of sec. 261.08 (1), Stats.