LUEDTKE, Appellant, v. LUEDTKE, Respondent.

*January 4—February 1, 1966.*

568

For the appellant there was a brief by *William R. Slate* of Markesan, attorney, and *Richard K. Smith* of Madison of counsel, and oral argument by *Mr. Slate*.

For the respondent there was a brief and oral argument by *John William Calhoun* of Fond du Lac.

CURRIE, C. J. Appellant-plaintiff contends that the trial judge erroneously ruled that an affidavit of prejudice is not proper in a proceeding to modify the provisions of a divorce decree having to do with alimony and support payments for minor children. He raises no issue with respect to the merits of the order appealed from but contends such order is a nullity because made after there rested upon the trial judge a duty to remove himself from the case.

The general rule is that when a proper affidavit of prejudice is filed the trial judge has no jurisdiction to do anything but make a proper order of removal and initiate action for calling in another judge.[1] Sub. (3) of sec. 261.08, Stats., provides one exception to this general rule, "The filing of such affidavit shall not deprive the presiding judge of the court in which the case is pending, of jurisdiction to determine pending motions made by the party filing such affidavit." Respondent contends that this exception rules the instant appeal. We, however, prefer not to ground our holding herein on this exception inasmuch as appellant had no choice but to initiate the instant proceeding by an application in the nature of a motion.

The crucial question is whether an affidavit of prejudice can be properly filed against a judge to remove him from a proceeding instituted to modify the provisions of a judgment of divorce with respect to provisions thereof relating to alimony, support money or minor children. The applicable statute is sec. 261.08 (1), which provides in part:

"Upon the application of any party, who files his affidavit, that he has good reason to, and does believe, that he cannot have a fair trial on account of the prejudice

[1] *Schwanke v. Reid* (1962), 16 Wis. (2d) 521, 524, 114 N. W. (2d) 845; *Woods v. Winter* (1948), 252 Wis. 240, 247, 31 N. W. (2d) 504; *Wisconsin Co-operative Milk Pool v. Saylesville Cheese Mfg. Co.* (1935), 219 Wis. 350, 353, 263 N. W. 197.

of the judge, naming him, the court shall request the chief justice of the supreme court or other designated justice to call some other judge to attend and hold court during the current or next term for the purpose of exercising jurisdiction in all actions and proceedings in which applications for change of the place of trial have been made for such reason." [2]

Ever since *Bacon v. Bacon* [3] decided in 1874, it has been the law of this state that sec. 261.08, Stats., and its predecessor statutes, do not apply to applications to modify or alter divorce judgments. [4] Appellant attacks *Bacon v. Bacon* as having been erroneously decided because the court stated:

"We are of the opinion that the statutes which authorize a change of venue in civil actions for the alleged prejudice of the judge, do not extend to a proceeding of this kind." [5]

Appellant interprets this statement to mean that the court thereby held that an action for divorce was not a civil action. We do not so interpret the quoted statement. However, even if the reason originally given for the statutory interpretation made in *Bacon v. Bacon* was erroneous we would not feel free at this late date to change it. [6] Even if appellant were correct in this interpretation, it would merely tend to substantiate Professor

[2] Where the judge against whom the affidavit of prejudice is filed is a county judge sitting in civil matters other than small claims and forfeiture actions, the judge refers the matter to the clerk, and the latter shall request the chief justice to designate another judge. See sec. 253.142 (2) (a), Stats.

[3] 34 Wis. 594.

[4] Other cases so holding are *Hopkins v. Hopkins* (1876), 40 Wis. 462, 465, and *Sang v. Sang* (1942), 240 Wis. 288, 296, 3 N. W. (2d) 340.

[5] *Bacon v. Bacon, supra,* footnote 3, at page 595.

[6] *Estate of Atkinson* (1963), 19 Wis. (2d) 272, 278, 120 N. W. (2d) 109, and cases therein cited.

Goodhart's statement, "A bad reason may often make good law." [7]

We deem that this long-accepted interpretation rests upon sound public policy. As was pointed out in *Sang v. Sang*,[8] these applications to change provisions of divorce judgments can be more satisfactorily handled by the trial judge in view of his contact with the parties throughout the litigation. While that case involved an application to change custody of minor children, the same reason is applicable to applications to change alimony or support-money payments.

Appellant's notice of appeal states that he appeals from the refusal of Judge MURPHY to honor the affidavit of prejudice and from the order of February 16, 1965, denying appellant's application for the reduction of alimony and support money. During oral argument counsel for appellant asserted that the refusal to honor the affidavit of prejudice was appealable because it determined a matter of jurisdiction. While sub. (3) of sec. 274.33, Stats., makes appealable an order which "decides a question of jurisdiction," this has reference to the jurisdiction of the court, not that of the judge. Even a proper and timely filed affidavit of prejudice does not deprive the court in which it is filed of jurisdiction. Therefore, an order refusing to honor an affidavit of prejudice is not appealable.[9] For this reason we have treated the instant appeal as being only from the order of February 16, 1965.

[7] Goodhart, Determining the Ratio Decidendi of a Case, 40 Yale Law Journal (1930), 161, 163.

[8] *Supra*, footnote 4, at page 296.

[9] Before amendment of sub. (3) of sec. 274.33, Stats., to make appealable orders deciding a question of jurisdiction, an order refusing to honor an affidavit of prejudice was held not appealable. *Will of Fraser* (1908), 135 Wis. 401, 116 N. W. 3. Since the amendment an order denying a motion for change of venue was held not to be appealable. *Trossen v. Burckhardt* (1960), 9 Wis. (2d) 304, 100 N. W. (2d) 918. The rationale of that holding would be equally applicable to an order refusing to honor an affidavit of prejudice.

However, here the ruling refusing to honor the affidavit of prejudice occurred in the proceeding in which the order of February 16, 1965, was entered. Thus this refusal to honor the affidavit of prejudice is reviewable by reason of the appeal from that order.[10]

*By the Court.*—Order affirmed.

GORDON and BEILFUSS, JJ. (*concurring*). We fully agree with the majority's opinion that the affidavit of prejudice was properly rejected by the trial judge. We add this comment only to reflect our belief that the scope of the opinion need not be limited to divorce proceedings. In any kind of case, when a party seeks to effect a change in a judgment, he should not be permitted to file a belated affidavit of prejudice and thereby win a hearing before a second judge.

The concept of *Sang v. Sang* (1942), 240 Wis. 288, 296, 3 N. W. (2d) 340, is, in our opinion, equally applicable to actions other than divorce proceedings. If a litigant wants to alter a divorce judgment he should go back to the court which entered the judgment; he is not free to have the ruling of one judge reviewed by another judge without taking an appeal. There is no reason why this rule should be confined to divorce actions. The evil of permitting a litigant in the aftermath of a judgment to oust the judge who made the original ruling is just as wrong in a contract case or a tort case as it is in a divorce case.

---

[10] Certiorari has been utilized to secure a review of an order passing on an affidavit of prejudice where the aggrieved party did not wish to proceed with trial on the merits until such ruling had been reviewed by the supreme court. *State ex rel. Nichols v. Circuit Court* (1926), 189 Wis. 629, 208 N. W. 490. Mandamus and prohibition have also been utilized to secure a review: *State ex rel. Murray v. Reis* (1949), 255 Wis. 507, 39 N. W. (2d) 396; *State ex rel. Watson v. Clementson* (1907), 133 Wis. 458, 113 N. W. 667; *State ex rel. Deleglise v. Goodland* (1906), 128 Wis. 57, 107 N. W. 29.