STATE EX REL. Ada OMAN (Bence), Petitioner,

v.

Virginia HUNKINS, Clerk of Courts, Judith Bralich, Deputy Clerk of Courts, Hon. Willis Zick, Judge of Circuit Court of Waukesha County, and Jerome Bence, Respondents.

Court of Appeals

*No. 84–835–W. Submitted on a Petition for Writ of Mandamus and Prohibition April 24, 1984.—Decided June 14, 1984.*
(Also reported in 352 N.W.2d 220.)

Petitioner appearing by *Sandra A. Edhlund* of Milwaukee.

Respondents appearing by *Bronson C. La Follette,* attorney general, and *James D. Jeffries,* assistant attorney general, and *Gary R. Schmaus* of Menomonee Falls.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

PER CURIAM. Ada Bence Oman petitions for a writ of prohibition against the Honorable Willis J. Zick seeking to prohibit Judge Zick from further action in *Bence v. Bence,* (Circuit Ct. No. 81–FA–1301). She also seeks a writ of mandamus against Waukesha county clerk of courts, Virginia Hunkins, and deputy clerk, Judith Bralich, to compel them to request the assignment of a substitution of judge pursuant to sec. 751.03, Stats.

The underlying divorce matter was appealed to this court. *Bence v. Bence,* (Appeal No. 83–246). On March 7, 1984, this court reversed and remanded Judge Zick's original decision. Remittitur occurred on April 11, 1984. Ms. Oman filed a request for substitution under sec. 801.58(7), Stats., on April 19, 1984. Judge Zick refused the substitution request on the authority of *State ex rel. Tarney v. McCormack,* 99 Wis. 2d 220, 298 N.W.2d 552 (1980).

On April 24, 1984, Ms. Oman filed these petitions for supervisory writs pursuant to Rule 809.51, Stats. Responses to the petitions were filed on behalf of Judge Zick and Jerome Bence.

The petition for a writ of prohibition presents an issue of first impression under Wisconsin's substitution of judge statute, sec. 801.58, Stats. The question before the court is whether the right to substitution of a judge after appeal under sec. 801.58(7) is subject to an exception in divorce matters analogous to the case law exception to sec. 801.58(1), which has been created to defeat substitution on a motion to modify a divorce judgment.

Prior to discussion of that question, we will address the petition for a writ of mandamus against the clerks of the circuit courts.

Mandamus will not lie unless the following requirements are met: (1) a clear legal right; (2) a plain and positive duty; (3) substantial damages or injury should the relief not be granted, and (4) no other adequate remedy at law. *Law Enforcement Standards Board v. Village of Lyndon Station,* 101 Wis. 2d 472, 493–94, 305 N.W.2d 89, 99 (1981). Mandamus is the appropriate remedy to compel public officers to perform duties arising out of their offices. The duty, however, must be clear and unequivocal and not discretionary. *Id.* at 494, 305 N.W.2d at 99–100.

Applying those criteria to the duty of the clerks, it is clear that a writ of mandamus should not issue. Under sec. 801.58(2), Stats., "the clerk shall immediately contact the judge whose substitution has been requested for a determination of whether the request was made timely and in proper form." The responsibility then shifts to the judge. If the judge finds the request timely and proper, the clerk shall request reassignment. If no determination is made within seven days, the clerk shall refer the matter to the chief judge for the determination of timeliness and propriety. Under sec. 801.58(2), the clerk has no further duties when, as in this case, the judge refuses to accept the substitution. This court can

assume that Judge Zick, in holding the petitioner had no substitution right under sec. 801.58(7), was rejecting the request as not "in proper form."

Because, under the statute, the clerk has no further duty when a substitution request is determined not to be in proper form, the requirement of a clear and unequivocal duty is not met. Therefore, mandamus will not lie against the circuit court clerk and deputy clerk.

We now turn to the central issue in this matter.[1] The pertinent language of sec. 801.58(7), Stats., provides that when:

[T]he appellate court orders a new trial or reverses or modifies the judgment or order as to any or all of the parties in a manner such that further proceedings in the trial court are necessary, any party may file a request [for substitution of judge] under sub. (1) within 20 days after the filing of the remittitur in the trial court . . . .

The petitioner relies solely on the statute which, in her view, creates an absolute right to substitution following remand. The respondent and counsel for Judge Zick deny that substitution is mandatory and urge this court to apply the case law exception to sec. 801.58(7), Stats.

The exception limiting judicial substitution on divorce judgment modifications originated in *Bacon v. Bacon*, 34 Wis. 594 (1874). The supreme court in *Luedtke v. Luedtke*, 29 Wis. 2d 567, 571, 139 N.W.2d 553, 555–56 (1966), wrote that "applications to change provisions of divorce judgments can be more satisfactorily handled by the trial judge in view of his contact with the parties

---

[1] This court recently declined to address this question in *State ex rel. Gilboy v. Circuit Court for Waukesha County*, 119 Wis. 2d 27, 349 N.W.2d 712 (Ct. App. 1984), because the circuit court in that case had accepted the substitution request, and there was no justiciable controversy between the parties.

throughout the litigation." That rule "rests upon sound public policy." *Id.* The question was again presented in *Bahr v. Galonski,* 80 Wis. 2d 72, 257 N.W.2d 869 (1977), where the court minimized the importance of the substitution statute. Rather, the court stated that the rule limiting substitution rests on "longstanding case law and sound public policy." *Id.* at 86, 257 N.W.2d at 875. The most recent case in this area was *State ex rel. Tarney v. McCormack,* 99 Wis. 2d 220, 298 N.W.2d 552 (1980), where the supreme court declined to apply the exception because the judge against whom substitution was sought was not previously involved in the matter. *Id.* at 232–33, 298 N.W.2d at 558–59. The court did, however, review the *Bacon-Bahr* case law with approval. *Id.*

The respondents urge this court to apply the *Bacon-Bahr* exception to requests for substitution of judge filed pursuant to sec. 801.58(7), Stats. Although we have no doubt of the continued vitality of that exception when applied to the modification of a divorce judgment, we decline to extend it to the case at hand.

Section 801.58(7), Stats., sets forth a specific procedure to be applied when a new judge is desired following an appeal. As such, it establishes an exception to the general procedure set out under sec. 801.58(1). *In re Civil Contempt of Kroll,* 101 Wis. 2d 296, 304, 304 N.W.2d 175, 179 (Ct. App. 1981). Where a specific statute conflicts with a general statute, the specific statute prevails. *See State v. Smith,* 106 Wis. 2d 151, 159, 316 N.W.2d 124, 128 (Ct. App. 1982). The statutory language clearly states that if further proceedings in the trial court are necessary, either party may file a substitution request. Apart from the twenty-day time limitation, there is no qualification to the substitution. A new judge shall be assigned. *See Kroll,* 101 Wis. 2d at 304, 304 N.W.2d at 179.

The respondents argue that the efficient administration of justice requires that substitution be denied.[2] Such a determination is not within the province of this court. Whether a policy-based exception similar to the *Bacon-Bahr* precedent should be applied to sec. 801.58 (7), Stats., is a decision better left to the supreme court. *Accord State v. Mosley,* 102 Wis. 2d 636, 665–66, 307 N.W.2d 200, 216 (1981). We decline to do so.

A petition for a supervisory writ will not be granted unless: (1) an appeal is an inadequate remedy; (2) grave hardship or irreparable harm will result; (3) the duty of the trial court is plain and it must have acted or intends to act in violation of that duty, and (4) the request for relief is made promptly and speedily. *State ex rel. Beaudry v. Panosian,* 35 Wis. 2d 418, 426, 151 N.W.2d 48, 52 (1967). We conclude that sec. 801.58(7), Stats., creates an unqualified right to substitution when further trial court proceedings are necessary after remand from an appellate court. The petitioner's request for substitution was timely filed. The trial court was under a plain legal duty to honor that request. Its refusal to do so warrants the issuance of the desired writ of prohibition. The clerk

---

[2] One of the main tenets of the respondents' argument is that the original trial judge has greater familiarity with a divorce case and is in a better position, therefore, to assess the case on remittitur after refusal and remand. One can make the same argument for any case, however, not just for divorce cases. The legislature has obviously decided that the familiarity facet must give way to the policy favoring a fresh look at the case by a "different" judge. The legislature might have felt that there would perhaps be less impartiality by a judge who has been reversed. (One might not say the same for mere motions to modify divorce judgments, as was the case in *Tarney.*) As we have stated in the body of our opinion, however, whether that policy choice is more correctly determined by the judicial branch of our government is for our supreme court to decide.

of courts and chief judge of the judicial administrative district shall implement the request as provided by sec. 801.58(2).

*By the Court.*—Petition for writ of mandamus denied; petition for writ of prohibition granted, cause remanded with instructions.