STATE EX REL. James DIERINGER, Clerk, Town of Lincoln, Petitioner,

v.

CIRCUIT COURT FOR WOOD COUNTY, the Hon. Edward F. Zappen, presiding, and Frank A. Vietschegger, Robert Eckes, Rita Langreck, Arvin Podevels and Harry Heckel, Respondents.

Court of Appeals

*No. 87–0528–W. Submitted on motion May 6, 1987.—Decided May 21, 1987.*

(Also reported in 410 N.W.2d 668.)

The cause was submitted on the motion of *Howard D. White* and *Hertel, Carson, White & Schilling, S.C.,* of Eau Claire.

No response was filed on behalf of respondents.

Before Gartzke, P.J., Dykman and Sundby, JJ.

PER CURIAM. The court granted petitioner's petition for a supervisory writ. Sec. (Rule) 809.51, Stats. Petitioner seeks costs on appeal. Section (Rule) 809.25(1)(a), provides that, "[c]osts in a civil appeal are allowed as follows unless otherwise ordered by the court: ...." An appeal, however, is "a review in an appellate court by appeal or writ of error authorized by law of a judgment or order of a circuit court." Sec. (Rule) 809.01(1). A petition for a supervisory writ is not an appeal. Indeed, a writ will not be granted if an appeal is an adequate remedy. *State ex rel. Oman v. Hunkins,* 120 Wis. 2d 86, 91, 352 N.W.2d 220, 223 (Ct. App. 1984). No provision of the appellate rules allows the court of appeals to award costs in cases other than civil appeals. Therefore, costs are not available to petitioner, even though he is the prevailing party in this proceeding.

*By the Court.*—Costs denied.