STATE of Wisconsin EX REL. Lena BLACKDEER, a minor,
by her mother and natural guardian, Verna
Blackdeer, and Verna Blackdeer, Petitioners,

v.

The TOWNSHIP OF LEVIS, Circuit Court for Clark County
and Judge Michael W. Brennan, Respondents.†

Court of Appeals

*No. 93–0070–W. Submitted on a petition February 3,
1993.—Decided Decided April 8, 1993.*

(Also reported in 500 N.W.2d 339.)

†Petition to review denied.

254

For the petitioners the cause was submitted on the petition of *Paige J. Donnelly* of *Paige J. Donnelly, Ltd.* of St. Paul, Minnesota.

For the respondents the cause was submitted on the responses of *James R. Doyle*, attorney general, and *James H. McDermott*, assistant attorney general, of Madison, *Richard J. Sankovitz*, of *Whyte & Hirschboeck, S.C.* of Milwaukee, and *Dana Lee Norgard* of *Johnson, Sautebin & Inderberg* of Neillsville.

Before Gartzke, P.J., Dykman and Sundby, JJ.

PER CURIAM. Lena and Verna Blackdeer (the Blackdeers) seek a writ of mandamus to compel the circuit court to follow our November 6, 1990 mandate. The issue is whether our November 6, 1990 order, summarily reversing the circuit court's dismissal order as a sanction, may be reconsidered to reach the merits. Because we conclude that it may not, the circuit court must vacate its dismissal order. Therefore, we grant the petition for a writ of mandamus and order the circuit court to vacate its August 5, 1992 dismissal order and to proceed with the underlying case, without revisiting the waived notice-of-claim defense.

The Blackdeers commenced suit against the Town of Levis (the Town) and others. They served the Town with a notice of claim under sec. 893.80(1)(a), Stats., but not within the 120-day statutory deadline.[1] The Town successfully moved to dismiss for failure to timely serve a notice of claim as required by sec. 893.80(1)(a). The Blackdeers appealed.

On appeal, the Town's brief was due on September 26, 1990. It was not filed. On October 2, 1990, we ordered the Town to file its brief within five days, or we would consider summarily reversing the circuit court's order. On October 16, 1990, we *sua sponte* extended the Town's briefing deadline ten additional days and

[1] Section 893.80(1)(a), Stats., provides in pertinent part:

Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the [governmental body] . . . under s. 801.11. Failure to give the requisite notice shall not bar action on the claim if the [governmental body] had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant [governmental body] . . . .

We have no evidence whether the Town had actual notice or whether the delay was prejudicial.

warned that failure to file a brief could result in summary reversal. The Town did not file a brief, respond to our delinquency orders, or move to extend its briefing deadline. On November 6, 1990, we summarily reversed the circuit court's dismissal order "solely on the basis of the respondent's failure to file its brief and without regard to the merits of the appeal."

On remittitur, the Town retained successor counsel who filed a second dismissal motion for failure to timely serve a notice of claim under sec. 893.80(1)(a), Stats.[2] The circuit court denied the motion and conducted a scheduling conference to facilitate proceeding to trial. Thereafter, the Town retained a third team of lawyers who successfully moved to dismiss for failure to timely serve a notice of claim under sec. 893.80(1)(a). Although it did not explain why it denied the identical motion a year earlier, it expressed confusion over how to proceed after our 1990 summary reversal order. The circuit court was reluctant to try the case because apparently it did not construe our summary reversal order as precluding further review of the legal question of noncompliance with timely notice under sec. 893.80(1)(a). Instead, the circuit court granted the Town's third dismissal motion, essentially to force an appeal.[3]

---

[2] We understand that each of the Town's three dismissal motions were based on the Blackdeers' failure to timely serve a notice of claim under sec. 893.80(1)(a), Stats.

[3] The circuit court stated:

I hate . . . to look lazy, but it makes sense to me, and I hate dumping this on the plaintiff again, but one way or another if I try the case now and spend two, or three, or four days trying this case it's going to get appealed anyway, I suspect. . . .

. . . So even though it was reversed and sent back to me, I can't believe that it's necessary that I try the case.

As the Blackdeers' appellate briefing deadline approached, counsel discovered that seeking a writ of mandamus was the appropriate procedure to compel the circuit court to comply with our 1990 summary reversal order. They successfully sought a stay of the appellate briefing schedule to instead petition for a writ of mandamus.

"If the trial court did not follow the mandate . . . the remedy of the party aggrieved is not by an appeal . . . but solely by *mandamus*." *Litzen v. Eggert*, 238 Wis. 121, 123, 297 N.W. 382, 383 (1941). Then, "the only question which can be reviewed by this court is whether the [order] entered is in accordance with the mandate." *Id*. To grant a petition for a writ of mandamus, the following conditions must exist: "(1) a clear legal right; (2) a plain and positive duty; (3) substantial damages or injury should the relief not be granted; and (4) no other adequate remedy at law." *State ex rel. Oman v. Hunkins*, 120 Wis. 2d 86, 88, 352 N.W.2d 220, 221 (Ct. App. 1984).

The circuit court and the Town oppose the petition, contending that our mandate was not an unequivocal directive as required by mandamus. We disagree. Although we could have said, "we do not reach the merits," as opposed to "without regard to the merits," we were unequivocal in summarily reversing the circuit court's order as a sanction under Rule 809.83(2), Stats., for the Town's failure to file a brief.

Rule 809.83(2), Stats., provides:

Failure of a person to comply with a requirement of these rules, other than the timely filing of a notice of appeal or cross-appeal, does not affect the

jurisdiction of the court over the appeal but is grounds for dismissal of the appeal, summary reversal, striking of a paper, imposition of a penalty or costs on a party or counsel, or other action as the court considers appropriate.

"We may summarily reverse a judgment or order if the respondent fails to file a brief, Rule 809.83(2), Stats., and we usually do. Failure to file a respondent's brief tacitly concedes that the trial court erred." *In re N.L.M.*, 166 Wis. 2d 306, 311, 479 N.W.2d 237, 239 (Ct. App. 1991).

Because summary reversal is expressly recognized as a sanction in Rule 809.83(2), Stats., to allow the circuit court to dismiss on the identical grounds on which we previously reversed, albeit summarily, would render the statutory sanction of summary reversal meaningless. The parties could have moved to clarify the effect of our order under Rule 809.14(1), Stats., or they could have requested reconsideration under Rule 809.24, Stats.[4] Had the Town sought review of our 1990 summary reversal order, it could have petitioned for review. Rule 809.62, Stats. However, at this juncture, more than two years after our order, the only

---

[4] Although Rule 809.24, Stats., precludes a reconsideration *motion*, a party's request may prompt us to reconsider *sua sponte*. Requesting reconsideration is more appropriate to correct perceived errors in an opinion, or to clarify an opinion or mandate before remittitur, or before filing a petition for review. When in doubt, circuit courts may, and occasionally do, seek clarification on how to proceed. That mechanism provides prompt clarification. Had our summary reversal order prompted inquiries at that time, two needless dismissal motions could have been avoided.

260

relevant question is whether the circuit court complied with our 1990 mandate. We conclude that it did not.[5]

It is axiomatic that "a decision on a legal issue by an appellate court establishes the law of the case, which must be followed in all subsequent proceedings in the trial court or on later appeal." *Univest Corp. v. General Split Corp.*, 148 Wis. 2d 29, 38, 435 N.W.2d 234, 238 (1989). Accordingly, our November 6, 1990 opinion and order, summarily reversing the dismissal order, establishes the law of this case, which must be followed by the circuit court on remand and this court on subsequent appeals. *Id.* The respondents have not suggested any reason to depart from the law of the case doctrine.

Here, the appropriate remedy to compel the circuit court to comply with our 1990 order is mandamus. *Litzen*, 238 Wis. at 123, 297 N.W. at 383. Our summary reversal of the circuit court's dismissal order as a sanction under Rule 809.83(2), Stats., entitles the Blackdeers to a clear legal right to proceed to trial without reconsideration of the notice defense.[6] *See Oman*, 120 Wis. 2d at 88, 352 N.W.2d at 221. The circuit court has a plain and positive duty to follow our mandate, rather than taking inconsistent, contrary action. *Id.* Absent mandamus relief, the Blackdeers

---

[5] Because the circuit court denied the Town's second dismissal motion, we had no occasion to review it. However, a petition for a writ of mandamus also would have been appropriate when the second dismissal motion was filed.

[6] Because the notice defense may be waived, the Town's failure to file an appellate brief to seek to protect the dismissal order constitutes waiver of this defense. *See In re N.L.M.*, 166 Wis. 2d at 311, 479 N.W.2d at 239.

would suffer substantial injury, namely, potential dismissal of their claim after we reinstated it. *Id.* The Blackdeers have no other adequate remedy at law, *id.*, since mandamus is the appropriate procedure to compel circuit court compliance with our mandate. *Litzen*, 238 Wis. at 123, 297 N.W. at 383.

The circuit court opposes the petition on other, and less persuasive, grounds. First, it urges us to deny the petition because it was not requested promptly. The circuit court's dismissal order was entered August 5, 1992. The Blackdeers appealed September 18, 1992. Thereafter, the Blackdeers, in seeking to stay the appellate briefing schedule, realized that they should seek mandamus, rather than a reversal. Although they initially sought inappropriate relief, their error is not jurisdictional, and the record supports their prompt, albeit initially inappropriate, action.

Second, the circuit court contends that the Blackdeers' error in pursuing an appeal should preclude them from seeking mandamus. We disagree. Although we are not empowered to extend the deadline to file a notice of appeal under sec. 808.04(1), Stats., and Rule 809.82(2)(b), Stats., promptness in seeking mandamus is not as strictly construed. We decline to preclude the Blackdeers from seeking mandamus, considering the entire record in the underlying case.

Third, the circuit court erroneously contends that the pending appeal divests it of jurisdiction, leaving it powerless to comply with our mandate. Following remittitur, the circuit court has jurisdiction over the underlying case. Rule 809.26, Stats.

The Town contends that mandamus is inapplicable, citing sec. 808.08, Stats. It claims that our mandate did not require specific action to invoke sec. 808.08(1), Stats., nor did we specifically order a new trial to invoke sec. 808.08(2), Stats. However, a reasonable interpretation of our November 6, 1990 opinion and order compels full litigation of the case, without the notice defense under sec. 893.80(1)(a), Stats. Because the Blackdeers indicate that the second dismissal motion was filed in October 1991, further proceedings were pursued within one year of remittitur, to avoid dismissal under sec. 808.08(3), Stats.

The Town advises us that its first counsel, who disregarded the warnings and dismissal order in the earlier appeal, was later subjected to a disciplinary suspension. However, nothing in these proceedings indicates that counsel was suspended during the relevant time period in 1990. Even if the Town has a claim against its first counsel, that claim is not the Blackdeers' responsibility.

Therefore, we grant the petition for a writ of mandamus and order the circuit court to comply with our November 6, 1990 mandate by vacating its August 5, 1992 dismissal order and to proceed with the underlying case, without revisiting the Town's waived notice-of-claim defense.[7]

---

[7] In a separate opinion and order, we dismiss the correlative appeal which has been rendered moot by our granting this petition.

*By the Court*.—Writ granted and cause remanded with directions.