Louis Fuller, Sr., Plaintiff-Respondent,
v.
Mid-City Auto Salvage & Parts, Defendant-Appellant.
No. 04-0578.
Court of Appeals of Wisconsin.
Opinion Filed: October 5, 2004.
¶1 CURLEY, J.[1]
Mid-City Auto Salvage & Parts, Inc. (Mid-City) appeals the trial court's judgment awarding money damages to Louis Fuller, Sr., in his claim arising out of car repairs performed by Mid-City on Fuller's car. Fuller has failed to file a respondent's brief. Due to this failure, this court summarily reverses the circuit court's judgment as a sanction under WIS. STAT. RULE 809.83(2) (2001-02).[2] By taking this action, this court declines to address the merits of the appeal or the correctness of the circuit court's ruling. This court reverses and remands for further proceedings.
¶2 The relevant procedural history of this case is as follows. Following the circuit court's judgment in favor of Fuller after a court trial, Mid-City filed a notice of appeal on February 19, 2004. It filed its appellant's brief on May 14, 2004. Fuller subsequently failed to timely file a response. On June 23, 2004, this court issued an order alerting Fuller that his brief was overdue and warned him that "unless within five days of the date of this order, the Brief of the Respondent(s) is served and filed or an extension is requested ... with good cause shown ... the judgment or order appealed from will be disposed of summarily and may be summarily reversed under Rule 809.83(2)." On September 17, 2004, as Fuller had failed to file his brief or request an extension, this court ordered the appeal to be submitted for a decision on the appellant's brief only.
¶3 It is well recognized that "`[w]e may summarily reverse a judgment or order if the respondent fails to file a brief, [WIS. STAT. RULE 809.83(2)], and we usually do.'" State ex rel. Blackdeer v. Township of Levis, 176 Wis. 2d 252, 260, 500 N.W.2d 339 (Ct App. 1993) (citation omitted). Regretfully, Fuller has never contacted this court. Because Fuller has had ample opportunity to respond to Mid-City's argument on appeal and has failed to do so, this court summarily reverses the circuit court's order, and remands for further proceedings.
By the Court.  Judgment reversed and cause remanded for further proceedings.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2001-02).
[2] WISCONSIN STAT. RULE 809.83(2) (2001-02) provides:

Rule (Penalties for delay or noncompliance with rules).
....
(2) NONCOMPLIANCE WITH RULES. Failure of a person to comply with a court order or with a requirement of these rules, other than the timely filing of a notice of appeal or cross-appeal, does not affect the jurisdiction of the court over the appeal but is grounds for dismissal of the appeal, summary reversal, striking of a paper, imposition of a penalty or costs on a party or counsel, or other action as the court considers appropriate.
All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.