SHERMAN, J.[1]
¶1 Aman Deep Singh appeals a circuit court order denying his motion to vacate a judgment of conviction for operating a motor vehicle while under the influence of an intoxicant (OWI) on the ground that the sentence imposed by the court was excessive. See WIS. STAT . § 973.13. For the reasons discussed below, I summarily reverse.
BACKGROUND
¶2 Singh was convicted of first offense OWI in 2004. Subsequently, the conviction was vacated and recharged as a second offense, to which Singh pled no contest and was sentenced to ten days in jail and his license was revoked for fifteen months. In 2015, Singh petitioned the circuit court for a writ of coram nobis. The writ of coram nobis is a discretionary writ that gives the circuit court the opportunity to correct its own record of an error of fact not appearing on the record that would not have been committed had the issue been brought to the court's attention. Jessen v. State , 95 Wis. 2d 207, 213, 290 N.W.2d 685 (1980). The petition was denied and this court affirmed on appeal. In 2017, Singh moved the circuit court to vacate the judgment under WIS. STAT . § 973.13.[2]
¶3 In his motion, Singh argued "that a second offense OWI prosecution is not authorized by law after a first offense OWI trial has been completed, regardless of outcome or whether it was undercharged." Singh based his argument on WIS. STAT . § 345.52(1).[3] Singh claimed that he received an excessive sentence because his prosecution for second offense OWI was invalid and, thus, any sentence would be excessive. Singh also claimed a violation of his right to due process of law, but that claim is not renewed on appeal.
¶4 The circuit court denied Singh's motion to vacate his sentence. The court held that Singh's prosecution for second offense OWI was not invalid, that his sentence did not exceed the maximum for second offense OWI and that, in any event, Singh's motion was barred by State v. Escalona-Naranjo , 185 Wis. 2d 168, 517 N.W.2d 157 (1994). Singh filed the present appeal.
¶5 Singh filed his appellant's brief and appendix on February 16, 2018. Notice of the filing of Singh's brief was given to the respondent, the State of Wisconsin, by notice to both the Dane County District Attorney and the Criminal Appeals Unit of the Department of Justice. Likewise, notice of delinquency for failure to file a responsive brief was given to both the Dane County District Attorney and the Criminal Appeals Unit on March 27, 2018. The notice of delinquency specifically noted the requirement for filing a responsive brief under the rules of appellate procedure and warned that if a responsive brief was not filed, "the judgment or order appealed from will be disposed of summarily and may be summarily reversed under [ WIS. STAT .] Rule 809.83(2)." The State has nonetheless failed to file a responsive brief.
¶6 On April 4, 2018, Singh filed a motion in this court for summary reversal based upon the State's failure to file a brief. On April 26, 2018, this court denied Singh's motion, but noted that "[t]his court has discretion to summarily reverse an appeal when a respondent fails to brief an appeal under circumstances showing abandonment or bad faith."
DISCUSSION
¶7 Under WIS. STAT. RULE 809.83(2), failure to comply with the rules of appellate procedure is grounds for summary reversal in the discretion of this court. Failure of the respondent to file a brief is a violation of WIS. STAT. RULE 809.19(3), which provides: "The respondent shall file a brief...."
¶8 In Raz v. Brown, 2003 WI 29, ¶36, 260 Wis. 2d 614, 660 N.W.2d 647, the Wisconsin Supreme Court held that in order for this court to exercise its discretion to summarily reverse, this court must find "egregious conduct, bad faith, or an abandonment of the appeal." The court compared the action in Raz , where the respondent sent letters to the court instead of a brief, with those in State ex rel. Blackdeer v. Township of Levis, 176 Wis. 2d 252, 500 N.W.2d 339 (Ct. App. 1993), noting: "In Blackdeer , the Town abandoned its position on appeal by not responding to numerous requests by the court of appeals to file a brief." Raz , 260 Wis. 2d 614, ¶32.
¶9 The situation before me is the same as in Blackdeer . The State was given repeated notice of the requirement to file a responsive brief and was provided notice that Singh had moved for summary reversal based on the State's failure to file a responsive brief. Not only was no brief forthcoming, but no request for extension of time was received from the State nor a letter explaining its inaction. This court can only conclude that the State has abandoned its position in this appeal.
¶10 This court cannot decide this appeal on the record alone. To do so would place this court in the position of advocating on behalf of the State by independently evaluating each of the three separate rationales for the circuit court's decision. It is not this court's role to serve as an advocate on behalf of any party. To do so would be to abandon this court's responsibility as a neutral magistrate.
¶11 Thus, the order of the circuit court denying Singh's motion to vacate the judgment of conviction is summarily reversed. In doing so, however, I note that the statute invoked by Singh on appeal, WIS. STAT . § 973.13, provides only one remedy: voiding any penalty in excess of the statutory maximum. The statute does not provide for vacation of the conviction or relief from the valid portion of the sentence. Since the penalties were fully served many years ago, and Singh has not moved for withdrawal of his no contest plea, this limited remedy may render the matter moot.
CONCLUSION
¶12 For the foregoing reasons, the decision of the circuit court is summarily reversed, and the cause remanded for further proceedings consistent with this opinion.
By the Court. -Order reversed and cause remanded for further proceedings.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise indicated.

Wisconsin Stat . § 973.13 provides: "In any case where the court imposes a maximum penalty in excess of that authorized by law, such excess shall be void and the sentence shall be valid only to the extent of the maximum term authorized by statute and shall stand commuted without further proceedings." (Emphasis added.)

Wisconsin Stat . § 345.52 provides: "(1) A judgment on the merits in a traffic ordinance action bars any proceeding under a state statute for the same violation. A judgment on the merits in an action under a state statute bars any proceeding under a traffic ordinance enacted in conformity with the state statute for the same violation."