**COURT OF APPEALS
DECISION
DATED AND FILED**

**November 9, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2020AP1905**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2019SC47555**

**IN COURT OF APPEALS
DISTRICT I**

STEGGEMAN INVESTMENTS, LLC,

PLAINTIFF-RESPONDENT,

V.

KARIN NIELSEN,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: THOMAS J. McADAMS, Judge.  *Reversed and cause remanded with directions*.

¶1       DUGAN, J.[1]   Karin Nielsen appeals from an order of the circuit court in favor of Steggeman Investments, LLC, in this eviction action that

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Steggeman commenced against Nielsen on November 26, 2019. Steggeman has failed to file a brief in response to Nielsen's appeal. Therefore, this court concludes that Steggeman abandoned this appeal, and this court exercises its discretionary power pursuant to WIS. STAT. RULE 809.83(2) to impose the sanction of summary reversal of the circuit court's order in Steggeman's favor. Accordingly, the circuit court's order is reversed and this matter is remanded with directions to the circuit court to dismiss this case.[2]

## BACKGROUND

¶2      Nielsen rented a home in Wauwatosa from Steggeman, and on November 26, 2019, Steggeman commenced this eviction action against Nielsen, which also included claims for payment of rent, along with corresponding late fees. The parties subsequently entered into a stipulation on January 24, 2020, that stated Nielsen was to vacate the premises by April 30, 2020. The stipulation also listed several payments to be made by Nielsen to Steggeman and due dates for those payments. Nielsen failed to vacate the premises by April 30, 2020, and the case was set for a hearing on October 23, 2020, at which Nielsen testified to her understanding that she could continue to live on the premises if she paid the amounts agreed upon in the stipulation by the dates listed. The circuit court

---

[2] As evident from the record, this case also involved payment of rent and late fees. However, this appeal solely involves the eviction order entered by the circuit court, and consequently, the additional claims regarding rent and late fees are not at issue in this appeal. This court also notes that Wisconsin's CCAP (Consolidated Court Automation Programs) indicates that the remaining claims involved in this case were dismissed by the circuit court on January 4, 2021. *See Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522 (explaining that CCAP is an online website that contains information entered by court staff of which this court may take judicial notice). Thus, the circuit court's eviction order is the only outstanding matter to be resolved.

disagreed with Nielsen's interpretation and ordered that Nielsen vacate the premises, despite any payments Nielsen made pursuant to the stipulation.

¶3     Nielsen appealed, and on appeal, she argues that the circuit court erroneously interpreted the stipulation to require her to vacate the premises. She argues that the stipulation is ambiguous and could be interpreted to mean that Nielsen was not required to vacate the premises if she made the payments as listed in the stipulation, and monthly until she received further notice.

¶4     Steggeman failed to file a brief in response to Nielsen's appeal, and this court sent a notice on June 30, 2021, ordering Steggeman to file a response brief within five days or Steggeman could face summary reversal. When Steggeman failed to file a response brief within five days of the June order, this court again notified Steggeman, by an order dated August 17, 2021, that a failure to file a response brief could result in summary reversal. In that same order, this court, on its own motion, extended the deadline for Steggeman to file a response brief to August 31, 2021. Steggeman again failed to file a response brief, and the matter was submitted to this court for consideration, without a response brief from Steggeman. Following submission of the matter to the court on Nielsen's brief, this court concluded that a response brief was necessary to the resolution of the appeal, and ordered the filing of a response brief by no later than October 20, 2021, or the matter would be summarily reversed. Steggeman has failed to provide any communication to this court in the form of a response brief or otherwise.

**DISCUSSION**

¶5     The timely filing of a respondent's brief is required under the rules of appellate procedure. WIS. STAT. RULE 809.19(3). Failure to comply with the

3

rules of appellate procedure or a court order "is grounds for dismissal of the appeal, summary reversal … or other action as the court considers appropriate." WIS. STAT. RULE 809.83(2). As relevant here, this court may grant summary reversal of a circuit court's order as a sanction upon concluding that a litigant has abandoned the appeal, and failure to file a response brief may be considered abandonment of an appeal. *Raz v. Brown*, 2003 WI 29, ¶¶18, 32, 260 Wis. 2d 614, 660 N.W.2d 647. Indeed, "[w]e usually do" because "[f]ailure to file a respondent's brief tacitly concedes that the trial court erred." *State ex rel. Blackdeer v. Township of Levis*, 176 Wis. 2d 252, 260, 500 N.W.2d 339 (Ct. App. 1993) (citation omitted). In such a case, this court does not reach the merits of the appeal. *See id.* at 259.

¶6 Based on the facts presented, this court concludes that Steggeman has abandoned this appeal and that summary reversal is appropriate as a sanction for that abandonment. Despite several opportunities to file a response brief and warnings from this court that a failure to respond may result in summary reversal, Steggeman has failed to do so. In fact, Steggeman has failed to provide any type of communication to this court. *See Raz*, 260 Wis. 2d 614, ¶36 ("[W]here the court of appeals elects to impose the drastic sanction of summary reversal for failure to file a response brief, it may do so only after unequivocally ordering the filing of a brief and clearly stating the consequences for failure to comply."). Accordingly, this court reverses the order of the circuit court and remands this matter for dismissal of the eviction claim filed against Nielsen.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

4