**COURT OF APPEALS
DECISION
DATED AND FILED**

**March 9, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1159**

Cir. Ct. No. **2009CV1939**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

RONALD D. FISCHER,

PLAINTIFF-APPELLANT,

DAVID A. FISCHER AND CYNTHIA A. YEUNG,

PLAINTIFFS,

V.

AMY E. STIMAC,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Dane County: JACOB B. FROST, Judge. *Affirmed*.

Before Blanchard, P.J., Kloppenburg, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Ronald Fischer appeals a circuit court order, entered pursuant to WIS. STAT. § 802.05 (2021-22),[1] that sanctioned Fischer and his siblings (collectively, the plaintiffs) for making factual allegations in court pleadings that lacked evidentiary support.[2]  Fischer argues that the circuit court improperly acted as the opposing party's advocate and was biased against the plaintiffs when the court issued an order to show cause on its own initiative and conducted a hearing consistent with that order.  *See* § 802.05(3)(a)2.  Fischer also argues that the court erroneously found that the plaintiffs' court filings violated § 802.05(2).  We reject Fischer's arguments and affirm.

## BACKGROUND

¶2      In 2010, the circuit court for Dane County granted the plaintiffs' motion for default judgment against Amy Stimac (now, Amy Clark) for breach of a land contract.  The court entered a judgment, which we refer to as the "2010 judgment," that terminated the land contract, restored title to the property to the plaintiffs, and awarded them $15,873.09 in damages.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] Ronald Fischer and his siblings, David Fischer and Cynthia Yeung, were the plaintiffs in the circuit court action.  The notice of appeal that Ronald Fischer filed lists only himself as the appellant, and he remains the sole appellant, even though David Fischer and Cynthia Yeung signed the appellant's brief and are identified as appellants in that brief.

For ease of reference, we refer individually to Ronald Fischer as Fischer, and we refer collectively to Fischer and his siblings as the plaintiffs.

¶3     In or around 2014, Clark filed for chapter 7 bankruptcy, and Clark's creditors, including Fischer, were given notice of the bankruptcy proceeding. On September 8, 2014, the bankruptcy court discharged Clark's debt. Several months later, following an adversarial proceeding initiated by Fischer, the bankruptcy court determined that $715 of the 2010 judgment amount was non-dischargeable. Accordingly, the bankruptcy court determined that all but $715 of the original 2010 judgment amount had been discharged in Clark's bankruptcy, and the court also awarded the plaintiffs $355.05 in costs related to the adversarial proceeding.[3]

¶4     On August 2, 2021, the plaintiffs filed a petition in the Dane County Circuit Court seeking leave to bring an action on the 2010 judgment. The petition represented that the plaintiffs were the judgment creditors, that the 2010 judgment had been in the amount of $15,873.09, and that "[t]he amount of the judgment that is unpaid and still due and owing is $11,687.60." The 10-year judgment lien period in WIS. STAT. § 806.15 had expired, and the plaintiffs asked the court to enter an order renewing the judgment and granting them leave to bring an action on the judgment pursuant to WIS. STAT. § 806.23. The plaintiffs' petition did not make any mention of Clark's bankruptcy.

¶5     Clark did not object to the plaintiffs' petition for leave to bring the action, and the circuit court entered the order that the plaintiffs had requested.

¶6     On February 18, 2022, the plaintiffs filed an ex parte motion asking the circuit court for an order allowing the examination of a judgment debtor. In their motion, the plaintiffs represented that "[t]he amount [of the 2010 judgment]

---

[3] Clark did not at that time file a petition with the clerk of the circuit court for Dane County seeking partial satisfaction of the 2010 judgment. *See* WIS. STAT. § 806.19(4)(a).

that is unpaid and still due and owing is $11,889.55," and they requested an order requiring Clark to appear before the court to answer questions under oath regarding her property. Again, the plaintiffs' ex parte motion did not make any mention of Clark's bankruptcy. The circuit court denied the ex parte motion for reasons that are immaterial to this appeal.

¶7 In April 2022, Clark filed an application with the circuit court for an order of satisfaction of the judgment due to the bankruptcy discharge. To her application, she attached pertinent documents from the bankruptcy proceedings.

¶8 After learning about Clark's bankruptcy, the circuit court issued a notice of hearing for May 19, 2022. According to the notes on the notice, the subject of the hearing would be the "plaintiffs['] explanation regarding repeated false statements as to the judgment amount when the majority of the judgment was discharged in bankruptcy."

¶9 On May 7, 2022, prior to the scheduled hearing, Fischer submitted a brief that set forth his reasons for asserting that, as of that date, $11,049.42 remained due and owing on the 2010 judgment despite the bankruptcy discharge, and a spreadsheet itemizing his calculation. As the circuit court later observed, the amount claimed by the plaintiffs on May 7, 2022, represented several hundred dollars less than what the plaintiffs claimed was due in their prior court filings in August 2021 and February 2022.

¶10 In his brief, Fischer made various factual and legal arguments, but the argument that accounted for the majority of the amount the plaintiffs claimed was as follows. Fischer argued that, although the bankruptcy court discharged most of Clark's underlying judgment debt, the bankruptcy court had not discharged the interest that had accrued on that debt, including 12 percent post-

judgment interest on the amount that had been discharged in bankruptcy from the date of the 2010 judgment until the date of the 2014 discharge.[4]  According to Fischer, the interest that Clark owed on the portion of the discharged debt amounted to more than $8,000.  Fischer did not provide any authority that supports the legal contention that interest accrued on a discharged debt survives a bankruptcy discharge.[5]

¶11　The circuit court then issued an order to show cause under WIS. STAT. § 802.05(3)(a)2.  In its order, the court stated that the plaintiffs appeared to have violated § 802.05(2) in their August 2, 2021 petition and February 18, 2022 ex parte motion when they represented that more than $11,500 was still due and owing on the 2010 judgment.[6]  The court ordered the plaintiffs to appear in person

---

[4] *See* WIS. STAT. § 815.05(8) (2009-10) (providing that, at the time the 2010 judgment was entered, "every execution upon a judgment for the recovery of money shall direct the collection of interest at the rate of 12% per year on the amount recovered from the date of the entry of the judgment until it is paid").

[5] Fischer also argued that Clark owed statutory post-judgment interest on the $715 that had not been discharged in bankruptcy from the date of the 2010 judgment until it is paid, and he identified various costs that the plaintiffs had incurred in attempting to collect on the judgment and asserted that Clark was responsible for those costs.

[6] WISCONSIN STAT. § 802.05(2) provides, in part:

> REPRESENTATIONS TO THE COURT.  By presenting to the court, whether by signing, filing, submitting, or later advocating a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following:
>
> (a) The paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> (b) The claims, defenses, and other legal contentions stated in the paper are warranted by existing law or by a

(continued)

5

at the previously scheduled hearing to "show cause why they ha[d] not violated [§] 802.05(2)," and the court stated that, if it found that the plaintiffs had violated that statute, it would sanction them.[7]

¶12    Fischer, his siblings, and Clark appeared in person at the hearing, and Fischer (who is not an attorney) purported to speak for all three plaintiffs. Again, Fischer's primary argument in support of the allegation that Clark owed the plaintiffs more than $11,500 was that the bankruptcy court had not discharged the interest that had accrued on the discharged debt.[8]

---

nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

(c) The allegations and other factual contentions stated in the paper have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

[7] WISCONSIN STAT. § 802.05(3) provides, in part:

SANCTIONS.    If, after notice and a reasonable opportunity to respond, the court determines that sub. (2) has been violated, the court may impose an appropriate sanction upon the attorneys, law firms, or parties that have violated sub. (2) or are responsible for the violation in accordance with the following:

(a) *How initiated.*

1. 'By motion.' ....

2. 'On court's initiative.'    On its own initiative, the court may enter an order describing the specific conduct that appears to violate sub. (2) and directing an attorney, law firm, or party to show cause why it is has violated sub. (2) with the specific conduct described in the court's order.

[8] Fischer also argued that it was not the plaintiffs' obligation to inform the circuit court of the bankruptcy discharge, and that Clark could have previously notified the court about the discharge by applying for an order of partial satisfaction under WIS. STAT. § 806.19(4)(a).  He further argued that the plaintiffs' filings implicitly acknowledged the bankruptcy discharge—he

(continued)

¶13     The circuit court observed that Fischer's argument was not consistent with the court's understanding of the documents from Clark's bankruptcy proceeding or its understanding of bankruptcy law, and that Fischer had not provided any legal authority to support his position that accrued interest survived the bankruptcy discharge.  The court further commented that, even putting aside the correctness of Fischer's dubious legal argument about interest, the plaintiffs had not provided any basis for concluding that the non-discharged debt, accrued interest, and costs totaled $11,687.60 (as the plaintiffs had represented in August 2021) or $11,889.55 (as the plaintiffs had represented in February 2022).

¶14     The circuit court then turned to Clark and asked whether she wanted to say anything.  Clark acknowledged that she had not paid the plaintiffs the amount that remained due on the 2010 judgment.  She stated that she had reached out to Fischer following the bankruptcy proceedings, but that Fischer refused to accept $715 plus $355.05 in costs to satisfy the judgment.  The court asked Clark why she did not just pay those amounts, and whether she sought clarification from her bankruptcy attorney or the bankruptcy court about the correctness of Fischer's position on the amount owed, and Clark said that she had not.  Fischer attempted to respond to Clark's representations, but the circuit court did not allow him do so.

¶15     Fischer then asked the circuit court to recuse itself.  He asserted that the court had acted improperly by questioning whether the plaintiffs' filings violated WIS. STAT. § 802.05(2), and that any such questioning should have been

---

pointed to the fact that the amount the plaintiffs claimed was less than the 2010 judgment amount and that court records do not show any payments, and he suggested that the court would have been able to infer that there had been a bankruptcy discharge.

initiated by Clark, rather than by the court. Fischer argued that the court's order to show cause "has created an environment in which the plaintiffs feel that they cannot have a fair and impartial … hearing before this [c]ourt." The court denied the recusal request, and cited § 802.05(3)(a)2. as its authority to, on its own initiative, issue an order requiring a party to show cause regarding potential violations of § 802.05(2).

¶16 Ultimately, the circuit court determined that the plaintiffs violated WIS. STAT. § 802.05(2)(c) because they did not inform the court about Clark's bankruptcy discharge and did not have evidentiary support for their representations about the amount that was still due and owing on the 2010 judgment. The court explained its reasoning as follows:

> So I will find you very clearly violated [§] 802.05(2)(c) in that the allegations and factual contentions you stated did not have evidentiary support.
>
> They also, I think, are not based on legal contentions supported by existing law or nonfrivolous argument to extend the law.
>
> But I don't want to rely on that because we just haven't addressed, in enough depth, your claims about what was or was not discharged.
>
> I indicated, I think you're wrong. I think all of the interest was almost certainly discharged. I said why I thought that, but … that's for [the bankruptcy court] to decide.
>
> So I'm just going to focus on the fact that you gave me numbers that just don't match any reality that you can explain to me, and that you didn't point out the discharge. You didn't point out any of those details which, through omission, was quite deceptive.

The court determined that sanctions were warranted, but it declined to order monetary sanctions. It instead indicated that it would order plaintiffs to report to

8

the bankruptcy court that they had been attempting to collect interest that had accrued on a discharged debt, and to seek clarification from the bankruptcy court. The court issued a written order, which Fischer appeals.[9]

## DISCUSSION

¶17 Fischer's arguments on appeal fall into two general categories. First, he advances various arguments based on allegations of court bias and other due process violations. Second, Fischer argues that the circuit court erroneously found that the plaintiffs' filings violated WIS. STAT. § 802.05(2)(c) and erroneously sanctioned them under § 802.05(3). We discuss Fischer's arguments in turn.

## I.

¶18 We begin by summarizing the various arguments that Fischer makes regarding court bias. Fischer asserts, among other things, that the circuit court "pretend[ed] to act in the performance of its official duties" when it issued an order to show cause on its own initiative under WIS. STAT. § 802.05(3)(a)2., but that the court's "real purpose was to act as an advocate for Ms. Clark." Fischer asserts that the court's alleged bias against the plaintiffs led the court to violate

---

[9] Clark, who is the respondent, has not filed a brief in this appeal. We considered whether we should enter an order summarily reversing the circuit court as a sanction for Clark's failure to file a brief. *See State ex rel. Blackdeer v. Township of Levis*, 176 Wis. 2d 252, 259-60, 500 N.W.2d 339 (Ct. App. 1993). However, we have determined that such a sanction was not warranted under the facts of this case, in which Fischer is challenging an order to show cause that was initiated by the circuit court and the sanctions order that resulted from the hearing on the court's order to show cause.

Separately, we observe that Fischer has represented that the plaintiffs have complied with the sanctions ordered by the circuit court, and that the operations manager of the bankruptcy court informed Fischer that no further action would be taken because the bankruptcy case was closed. We question whether the appeal could be characterized as moot, but we assume without deciding that it is not, given the lack of any argument to that effect by Clark.

their due process rights by denying them "the right to rebut [Clark's] unsworn testimony," and that, in questioning Clark, the court improperly gave her legal advice. Finally, Fischer asserts that the court treated the plaintiffs in a different manner than it treats represented parties. None of these arguments have any merit.

¶19 Most fundamentally, as the circuit court itself explained during the hearing on its order to show cause, the court has independent authority to enforce the pleading standards set forth in WIS. STAT. § 802.05(2), and it has express statutory authority to issue an order to show cause on its own initiative if it appears that any attorney or party has filed a document that is frivolous under the standards set forth in § 802.05(2). The fact that the court initiates a proceeding consistent with this statutory authority does not, in and of itself, demonstrate bias. Nor does it demonstrate that the court was improperly acting as Clark's advocate, rather than as a neutral magistrate.

¶20 Fischer argues that the order-to-show-cause procedure initiated by the circuit court deprived the plaintiffs of the safe-harbor protections that would have existed had an attorney or opposing party asserted that the plaintiffs' filings violated WIS. STAT. § 802.05. *See* § 802.05(3)(a)1. (describing the procedure that is followed when a sanctions motion is initiated by a party). However, we do not read Fischer's appeal to challenge the constitutionality of the court-initiated procedure set forth in § 802.05(3)(a)2.,[10] nor does Fischer explain how the court's use of that procedure demonstrates bias or violates due process. The circuit court properly followed the procedure set forth in § 802.05(3)(a)2. by issuing an order to

---

[10] *See* ***Kurtz v. City of Waukesha***, 91 Wis. 2d 103, 117, 280 N.W.2d 757 (1979) (providing procedural requirements for challenging the constitutionality of Wisconsin statutes).

10

show cause, which identified the basis for the court's concern that portions of the plaintiffs' allegations could be frivolous. Had the plaintiffs considered the order for cause and determined that the court had identified aspects of their filings that might be deemed to violate § 802.05(2), the plaintiffs could have withdrawn or corrected their filings, and the court would have taken their actions into account when considering whether to order sanctions.

¶21 Fischer contends that the circuit court's initial notice for the May 19, 2022 hearing, which references the plaintiffs' "repeated false statements as to the judgment amount," demonstrate that the court had prejudged the matter, and that the plaintiffs could not expect to receive a fair hearing from the court. We disagree. As we have explained, courts have independent authority to identify and address potential violations of WIS. STAT. § 802.05(2). In referencing "false statements" by the plaintiffs, the court was, perhaps inartfully, pointing out its concern that there appeared to be no legal or factual basis for the plaintiffs' allegations that more than $11,500 remained due and owing on the 2010 judgment, when all but $715 of the judgment debt had been discharged. We see no basis in the record to doubt that, had the plaintiffs been able to provide legal and evidentiary support for their allegations, the circuit court would have fairly judged the matter and found that they did not violate § 802.05(2). However, as discussed below, the plaintiffs were unable to provide that legal or evidentiary support at the order-to-show-cause hearing.

¶22 Fischer asserts that the exchange between the circuit court and Clark during the hearing was improper, but this assertion is unavailing. As mentioned above, the court asked Clark why she had not paid the amount that the bankruptcy court determined was non-dischargeable, and whether she had inquired with her bankruptcy attorney or the bankruptcy court about the correctness of Fischer's

11

assertions about the amount due. The court's questions were about historical facts, and did not constitute improper legal advice.

¶23 Nor has Fischer identified any other aspect of the hearing that demonstrates a bias warranting reversal. The circuit court did not allow Fischer to respond to Clark's answers, but, as Fischer acknowledges, Clark's statements about her actions following the bankruptcy were not material to the issue of whether the plaintiffs' pleadings violated WIS. STAT. § 802.05. Whether or not the court's handling of this aspect of the hearing could have violated due process— and we do not conclude that it does—Fischer does not show that any potential violation affected the plaintiffs' substantial rights.[11]

¶24 Finally, Fischer does not persuade us that the circuit court treated the pro se plaintiffs any differently than the court would have treated a represented party who filed documents with the court that violated WIS. STAT. § 802.05. Fischer points to a statement that the court made during the hearing, in which it recounted a situation in which it warned an attorney about a potential violation of § 802.05. However, this statement of the court does not demonstrate disparate treatment because the court expressly warned the plaintiffs in this case about their potential violation of § 802.05.

---

[11] *See* WIS. STAT. § 805.18(2) (providing, in pertinent part, that "[n]o judgment shall be reversed or set aside … on the ground of … error as to any matter of pleading or procedure, unless … it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment"); ***Martindale v. Ripp***, 2001 WI 113, ¶32, 246 Wis. 2d 67, 629 N.W.2d 698 (providing that, "for an error 'to affect the substantial rights' of a party, there must be a reasonable possibility that the error contributed to the outcome of the action or proceeding at issue" (citation omitted)).

¶25    For all of these reasons, we reject Fischer's arguments about court bias and due process violations.[12]

## II.

¶26    Fischer argues that the circuit court erroneously determined that the plaintiffs violated WIS. STAT. § 802.05(2)(c).[13]    As discussed above, the court found that the plaintiffs failed to inform the court about Clark's bankruptcy and made affirmative representations in court filings about the amount that Clark still owed on the 2010 judgment, but that the plaintiffs had no evidentiary support for the amounts they alleged were due and owing.

---

[12] We pause briefly to explain why we do not separately address the arguments advanced in Fischer's appellate brief about 42 U.S.C. § 1983.  Fischer asserts that he has shown that the circuit court acted under color of state law to deprive the plaintiffs of due process and equal protection of the law, in violation of § 1983.  As we have explained, Fischer has not demonstrated any violations of due process and equal protection on appeal.  But even if he had, Fischer's argument about § 1983 would be unavailing.  Section 1983 establishes a federal cause of action for damages against state and local officials who, acting under color of state law, have deprived individuals of federally guaranteed rights.  *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (§ 1983 creates a cause of action); *Heck v. Humphrey*, 512 U.S. 477, 480 (1994) (same).  Actions under § 1983 must be commenced in the circuit court (or a federal district court) by filing a complaint; Fischer cannot commence a cause of action by making arguments on appeal.

In this same vein, Fischer's briefing contains a number of other assertions that are untethered to the issues on appeal.  As one example, Fischer makes a number of arguments about how the constitutional right to proceed pro se is an individual decision.  He also argues that the effect of the circuit court's sanctions determination was to persuade the plaintiffs to settle with Clark, rather than to continue pursuing their claim.  These and any other arguments that Fischer may intend to make are insufficiently developed and do not warrant consideration from this court. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

[13] Actually, Fischer contends that the circuit court's order fails to state which subsection of WIS. STAT. § 802.05 the plaintiffs violated.  Although that is technically true, in its oral decision at the hearing, the court made clear that it had determined that the plaintiffs violated § 802.05(2)(c).

¶27 When we review the grant or denial of sanctions under WIS. STAT. § 802.05(3), our standard of review varies depending on the issue presented. ***Wisconsin Chiropractic Ass'n v. State of Wisconsin Chiropractic Examining Bd.***, 2004 WI App 30, ¶16, 269 Wis. 2d 837, 676 N.W.2d 580. In this case, the circuit court's decision to impose sanctions implicates § 802.05(2)(c), which typically involves factual findings. *See **id.*** We affirm a circuit court's factual findings unless they are clearly erroneous and affirm its discretionary decision if the court examined the relevant facts, applied the correct legal standard, and, using a demonstrated process, reached a conclusion that a reasonable judge could reach. *See **id.***

¶28 Fischer argues that there was "no proof" that the plaintiffs violated WIS. STAT. § 802.05(2)(c). He argues that the plaintiffs were not required to inform the court about the bankruptcy, and that there was no proof that the numbers they provided were incorrect. We disagree on both points.

¶29 We agree with the circuit court that, in the context of the plaintiffs' affirmative representation that Clark owed more than $11,500 of the 2010 judgment amount, their failure to disclose the existence of the bankruptcy was a material omission. Fischer points out that Clark could have submitted an application to the court for an order of partial satisfaction of the 2010 judgment pursuant to WIS. STAT. § 806.19(4), but that statute had no bearing on the plaintiffs' obligations under WIS. STAT. § 802.05(2). In other words, although Clark could have applied for a partial discharge, that fact does not relieve the plaintiffs of their obligation under § 802.05(2)(c) to ensure that their factual representations to the court have evidentiary support.

14

¶30    Perhaps the plaintiffs' failure to mention the bankruptcy would have been less significant had the plaintiffs been able to present evidentiary support for the amounts they alleged were owed. However, when given the chance to provide that evidentiary support at the hearing to show cause, the circuit court found that they were unable to do so, and that finding is not clearly erroneous. As the court explained, at best, the plaintiffs had been able to put together an itemization that totaled hundreds of dollars less than the amounts previously alleged in court filings.

¶31    On appeal, Fischer makes no attempt to show that there was evidentiary support for the $11,687.60 that the plaintiffs alleged was due in their August 2, 2021 petition, the $11,889.55 that they alleged was due in their February 18, 2022 ex parte motion, or even the $11,049.42 that Fischer alleged was due in his May 7, 2022 submissions to the court. Instead, Fischer appears to tacitly acknowledge that there is evidentiary support for only a small percentage of the amounts that the plaintiffs alleged were due in their court filings. Fischer states: "It is uncontested that Clark owed the [plaintiffs] at least $1,070.05 ($715 + $355.05) and the [plaintiffs] also reasonably believe that they are entitled to statutory interest on the $715 ...." Assuming without deciding that the plaintiffs reasonably believed that they were entitled to $1,070.05 plus statutory interest on the $715 that was not discharged in Clark's bankruptcy, Fischer does not argue that the plaintiffs reasonably believed that Clark owed any sum that was close to the amounts claimed in their August 2, 2021 petition or in their February 18, 2022 ex parte motion.

¶32    For all of these reasons, we conclude that the circuit court did not err when it determined that the plaintiffs violated WIS. STAT. § 802.05(2)(c). We also observe that, although the court did not expressly determine that the plaintiffs

15

violated § 802.05(2)(b) and we therefore need not address Fischer's arguments as to why the plaintiffs' legal contentions did not violate that paragraph, we would have sustained a determination that they had. Paragraph (2)(b) addresses a party's certification that, to the best of the party's knowledge, information, and belief formed after a reasonable inquiry, the party's claims and legal contentions are "warranted by existing law or by a nonfrivolous argument for an extension, modification, or reversal of existing law or the establishment of new law." *See* § 802.05(2)(b). Here, the plaintiffs' filings alleged that they were entitled to more than $8,000 in interest on a portion of the 2010 judgment that had been discharged in bankruptcy. The legal authority the plaintiffs identified during the order-to-show-cause proceeding does not support their claim to interest on a discharged debt. On appeal, Fischer characterizes the plaintiffs' claim to more than $8,000 in interest on a discharged debt as "unconventional." However it is characterized, what matters is that he makes no attempt to show that the legal contentions supporting that claim were warranted by existing law or a nonfrivolous argument for its extension or change.

¶33 Having concluded that the circuit court did not err when it determined that the plaintiffs violated WIS. STAT. § 802.05(2), we likewise conclude that the court did not err when it determined that a sanction was warranted, or when it selected the sanction to impose. Section 802.05(3)(b) appears to give the court discretion on whether and what sanctions to impose, and

Fischer does not persuade us that the court erroneously exercised its discretion when it ordered the plaintiffs to file certain items with the bankruptcy court.[14]

## CONCLUSION

¶34 In sum, for the reasons explained above, we reject Fischer's arguments and affirm the sanctions order entered by the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[14] To the extent that Fischer's appellate briefing attempts to raise other issues not specifically addressed in our analysis, we conclude that any such arguments are inadequately developed and do not require consideration by this court. *Pettit*, 171 Wis. 2d at 646-47.